[No. A024717. First Dist., Div. Five. Jan. 24, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM H. PINETTE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts I, II, III, IV, V, VI, VII, VIII, and XI are not published, because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

**COUNSEL**

Michael G. Regan, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eugene Kaster and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

KING, J.—William H. Pinette appeals from a judgment of imprisonment for four separate robberies (Pen. Code, § 211) with use of a firearm (Pen.

Code, § 12022.5), three prior serious felony convictions (Pen. Code, § 667), and one prior prison term (Pen. Code, § 667.5). We reverse as to imposition of a one-year enhancement (Pen. Code, § 667.5) and affirm the judgment in all other respects.

I. *Facts.** 

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

IX. *Imposition of the One-year Enhancement Under Penal Code Section 667.5.*

█ Pinette challenges the imposition of a one-year sentence enhancement under Penal Code section 667.5, subdivision (b), for a 1967 Alabama burglary conviction. Evidence presented by the prosecutor indicated only that Pinette was sentenced to state prison in Alabama for 13 months, spent 243 days in custody, and was then released to the custody of the federal marshal. Under Penal Code section 667.5, subdivision (f), the Alabama prior could be the basis for imposition of the one-year enhancement only "if the defendant *served* one year or more in prison for the offense in the other jurisdiction." (Italics added.) Pinette contends the enhancement could not be imposed because there was no evidence that he had "served" more than 243 days for the Alabama burglary.

The Attorney General argues that the statute requires only that the imposed term of imprisonment have been for one year or more, and that the defendant need not actually have been incarcerated for that long. This argument might be plausible if section 667.5, subdivision (f), required that the defendant "served *a term of* one year or more in prison," but the statute does not so provide. The statute's plain language requires service of a year or more in prison. The required period of incarceration was not shown here. The judgment must be reversed as to imposition of the one-year enhancement.

X. *Imposition of the Five-year Enhancement for a Foreign Prior for Assault With Intent to Commit Armed Robbery.*

█ Pinette challenges the imposition of a five-year enhancement under Penal Code section 667 for a 1970 Michigan conviction for assault with intent to commit armed robbery. Penal Code section 1192.7, subdivision (c), prescribing the "serious" felonies for which the five-year enhancement

*See footnote, *ante*, page 1122.

shall be imposed (Pen. Code, § 667, subd. (d)), specifies "assault with intent to commit rape or robbery." (Pen. Code, § 1192.7, subd. (c)(10).) This offense was formerly prescribed by Penal Code section 220 but was deleted from that statute in 1978. (Stats. 1978, ch. 579, § 12, p. 1982.) Pinette argues that because the Michigan offense is not presently prescribed as an offense in California, it was not a serious felony which could be the basis for imposition of the five-year enhancement.

This argument lacks merit. We approve the inclusion in Penal Code section 1192.7 of offenses presently not prescribed as crimes in California, for the purpose of ensuring that persons previously convicted of former crimes deemed to be "serious" do not evade the five-year enhancement. Pinette's pre-1978 Michigan conviction for assault with intent to commit armed robbery may be the basis for a five-year enhancement pursuant to Penal Code section 667, subdivision (a), which provides for enhancement for conviction of "any offense committed in another jurisdiction which includes all of the elements of any serious felony . . . ."[4]

XI. *Validity of Penal Code Section 667.**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

XII. *Disposition.*

The judgment is reversed as to imposition of the one-year enhancement under Penal Code section 667.5, subdivision (b). In all other respects the judgment is affirmed.

Low, P. J., and Haning, J., concurred.

---

[4]We do not reach the issue whether a *post*-1978 foreign conviction for assault with intent to commit robbery may be the basis for imposition of a five-year enhancement.

*See footnote, *ante,* page 1122.