[No. D005739. Fourth Dist., Div. One. Dec. 4, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
WATSON WHITE, Defendant and Appellant.

[Nos. D007039, D006289. Fourth Dist., Div. One. Dec. 4, 1987.]

In re WATSON WHITE on Habeas Corpus.

**COUNSEL**

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Pat Zaharopoulos and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—The issue on these consolidated writs of habeas corpus and appeal is limited to an attack on the sufficiency of the evidence to support a finding that Watson White was convicted in 1971 and 1974 of felonies in the State of Missouri and served separate prison terms of at least one year for each. He does not contend the evidence is insufficient to support the finding

he was convicted of each felony, or that they have not been proved to be crimes which if committed in this state would be felonies. He attacks only the lack of evidence that he actually *served* more than one year in *prison* for each offense, although the record submitted to the trial court shows he was *committed* on each offense to separate prison terms of two years and he stipulated to serving separate terms in state prison of more than one year.

## I

Our first concern is whether White can even present the issue on this, his third, appeal. White never raised the sufficiency of evidence on which the court's findings on these priors were based in either previous appeal, nor did he do so to the trial court. The People argue his failure to do so at trial waives the issue, but if not, his failure to raise it on either previous appeal does so.

Each previous appeal resulted in a remand for further proceedings. The first reversal set aside special circumstance findings, as well as a gun-use enhancement. After remand, the prosecution dismissed a special circumstance allegation and White was resentenced to a lengthy term under the Determinate Sentencing Act. The second appeal resulted in a reversal for the court's failure to obtain a new probation report when resentencing. The present appeal has been timely filed from what, if this appeal fails to gain any relief, may prove to be the final judgment.

The People do not cite any applicable statutory or case law precluding the adding of new substantive issues not previously decided on this appeal from a nonfinal judgment. Be that as it may, White has filed a companion writ of habeas corpus to avoid any procedural bar and raises multiple grounds why the matter should be resolved, as a last resort, in that context. We agree that, at least on the ground that if there is waiver because of attorney failure to raise an issue as basic as the sufficiency of the evidence to support an enhancing finding under Penal Code[1] section 667, the adequacy of counsel would be so in question as to permit the matter to be addressed in that context.

## II

■ Having reached them, we conclude White's contentions are meritless. The proof of his prior convictions and the length of the prison terms

---

[1] All statutory references are to the Penal Code.

served was submitted in accordance with White's stipulation. He agreed the trial court could accept as the sole evidence on these issues, a stipulation entered into between himself and the prosecutor. That stipulation was read into the record and states: "[T]hat on November 12th, 1971, in the circuit court of Missouri, for the City of St. Louis, the defendant Watson White, Jr., was sentenced to a term of two years in state prison after conviction of the felony offense of burglary, which, if committed in California is a felony punishable by imprisonment in state prison and which allegedly occurred on July 4th, 1970. The defendant thereafter *served a complete and separate term in state prison constituting more than one year of continuous custody.*

"On February 14th, 1974, in the circuit court of Missouri, for the City of St. Louis, the defendant Watson White, Jr., was sentenced to two two year concurrent terms in state prison after conviction of the felony offenses of illegal possession of a controlled substance, to wit, heroin, alleged to have occurred on August 5th, 1973, and escaping from custody, without force or violence before conviction, alleged to have occurred on August 6th, 1973. Both of such offenses if committed in California would be felonies punishable by imprisonment in the state prison. The defendant thereafter *served a complete and separate term in state prison constituting more than one year in continuous custody.*" (Italics added.)

At the conclusion of the guilt and penalty phase of the trial, the court considered the stipulation and certain court records showing White was convicted and committed to separate two-year terms in prison for Missouri felonies in 1971 and 1974.

White's claim is that the Missouri records show only a *commitment* for two years on each conviction, not a *service* of that term. He relies on the plain language in section 667.5, subdivision (f) for the proposition that proof of service, not commitment, is required. (See also *People* v. *Pinette* (1985) 163 Cal.App.3d 1122, 1124 [210 Cal.Rptr. 107].) That he is correct is of no assistance to him here.

White does not argue he did not serve a *prison term* of more than one year on each prior conviction as he stipulated in court. He argues the Missouri documents show that in fact he did not serve at least a year of his sentence for either felony *in prison,* thus the stipulation is inaccurate. He misinterprets those documents.

Aside from the stipulation, evidence as to the 1971 conviction was presented in a reporter's transcript of proceedings in Missouri state court

action showing White pleaded guilty to second degree burglary of a residence broken into to commit theft. The plea was entered September 28, 1971. At sentencing on November 12, 1971, White was committed to prison for two years.

White's activities are next memorialized in later Missouri state court documents relating to his 1974 conviction. These include a sentencing transcript coincidentally containing the following colloquy:

"Now, Mr. White, do you have any prior felony convictions?

"A  (By the Defendant) Yes, sir.

"Q  How many?

"A  One.

"Q  When and what was that for?

"A  Second Degree Burglary, 1971. I don't know the exact month.

"Q  Was that here in Missouri?

"A  Yes, sir.

"Q  Do you know what the disposition of that was?

"A  Two years in the Missouri Department of Corrections.

"Q  Did you serve that time?

"A  Yes, sir.

"Q  When were you released?

"A  October the 5th, 1972."

From this 1974 transcript with its reference to an October 5, 1972, release from the 1971 commitment, White concludes the record shows he served less than one year for the 1971 conviction. In addition, the 1973 felony complaint alleges White was "imprisoned in the [Missouri] penitentiary" from November 23, 1971 to October 5, 1972. His mathematics are okay, but he gives us a "short count." He chooses to ignore the presentence custody credits which he claimed and which court granted when committing him in 1971. Although there is no recorded computation of these credits in the reporter's transcript, it is not illogical to suppose White was in custody continuously from the time of his arrest until the November 12th sentenc-

ing. Because his arrest preceded the entry of plea on September 28, and continual custody from even that date more than exceeds the required one year, this record does not require a finding White's stipulation is factually unsupported.

As to the effect of his 1974 sentence, White relies on a notarized statement from the Missouri Department of Corrections showing he was received at the prison on April 4, 1974, and released December 16, 1974. Again, White does not tell us of what presentence credits were used to reduce his stay in prison. The minutes of proceedings, introduced in evidence at trial, compel a conclusion White was in continuous custody on the charges for which he was sentenced in 1974, from at least September 11, 1973, until December 16, 1974.

Based on the data received, it is apparent White served a term of more than one year in confinement for both Missouri felony convictions. He was sentenced to a prison term of more than one year in each case and would have served his total terms in prison except for the fortuity that he was entitled to presentence custody credits.

White contends presentence custody credits for time not actually spent in prison may not be considered for the purposes of section 667.5. It is true that section 667.5, subdivision (g) defines a prior prison term as a continuous completed period of prison incarceration and that subdivision (f) speaks of serving one year or more in prison for an offense in another jurisdiction. However, section 667.5 is titled "Prior *prison terms*; enhancement of prison terms for new offenses." (Italics added.) It commences: "Enhancement of prison terms for new offenses because of prior *prison terms* shall be imposed as follows: . . . (h) Serving a *prison term* includes . . . confinement time in . . . [a] facility credited as service of prison time in the jurisdiction of the confinement." (Italics added.) Although the exact nature of the penal facility in which White was confined awaiting disposition of his Missouri felonies is unclear, it is undisputed that he was given custody credits against his prison sentence for those periods.

The enhancing legislation is generally thought to be a vehicle designed to provide additional punishment for prior imprisoned recidivist felons. (*In re Panos* (1981) 125 Cal.App.3d 1038, 1041 [178 Cal.Rptr. 483], and cases cited therein.)

We are satisfied section 667.5 unambiguously encompasses prison terms of at least one continuous year of custody even though the actual time spent

in a state penitentiary is less than one year. To exempt recidivists who compile extensive presentence credits because of delays in prior judicial proceedings while enhancing repeat offenders whose early prior pleas to identical crimes with identical prison sentences is irrational.

## DISPOSITION

Judgment affirmed. Petitions for writ denied.

Kremer, P. J, and Thaxton, J.,* concurred.

A petition for a rehearing was denied December 21, 1987, and appellant's petition for review by the Supreme Court was denied March 23, 1988.

---

* Assigned by the Chairperson of the Judicial Council.