[No. A051427. First Dist., Div. Three. Feb. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
SCOTT McKAY HAYES, Defendant and Appellant.

## COUNSEL

Meredith & Whitt and C. Joanne Whitt, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHIN, J.**—Scott McKay Hayes appeals from his convictions for spousal rape (Pen. Code, § 262, subd. (a)[1]), corporal injury to spouse (§ 273.5, subd. (a)), false imprisonment (§ 236), and attempting to dissuade a victim from prosecuting a crime (§ 136.1, subd. (b)(2)), enhanced for a prior prison term

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

(§ 667.5, subd. (b)). He contends that the trial court erred in denying his request for discovery and in excluding at trial evidence relating to the victim's alleged involvement in prostitution and the parentage of her baby. He also contends that the evidence is insufficient to establish the enhancement for service of a prior prison term. We find merit in appellant's contention regarding discovery, but find the error harmless except with regard to the spousal rape conviction. Accordingly, we reverse the spousal rape conviction (count 2) and remand to the trial court to determine whether the error requires a new trial on that charge. As to all other counts, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

By information, the Marin County District Attorney charged appellant with corporal injury to a spouse, spousal rape, false imprisonment by violence, and dissuading a victim from prosecuting a crime. The information further charged an enhancement under section 667.5 for service of a prior prison term.

Appellant moved for discovery of "the alleged victim's criminal convictions, pending charges, status of being on probation, any acts of victim's dishonesty and, any prior false reports of sex offenses by the victim." The prosecution opposed appellant's request, arguing that section 1054.1 does not authorize or permit the requested discovery other than prior felony convictions. After hearing, the court agreed with the prosecution and denied the motion.

Prior to trial, the prosecution moved to exclude any defense evidence that (1) there was an outstanding warrant for the victim's arrest on prostitution charges and (2) appellant was not the father of the victim's baby. The court ruled that the defense could introduce evidence only of any prior convictions for prostitution; otherwise, it granted the prosecution's motion under Evidence Code section 352.

Appellant waived jury trial on the enhancement for service of a prior prison term. Jury trial commenced on September 11, 1990. Appellant rested without presenting any witnesses. The jury found appellant guilty on all counts. The court then found the prior prison term allegation to be true. It sentenced appellant to the six-year middle term for spousal rape, imposed concurrent terms for the other three convictions, and stayed sentence on the section 667.5 enhancement. Appellant then filed this timely appeal.

## DISCUSSION

### *The Court Erred in Denying Discovery*

On June 5, 1990, the voters adopted Proposition 115, entitled the "Crime Victims Justice Reform Act." (*Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 363 [285 Cal.Rptr. 231, 815 P.2d 304].) Among other things, the measure added a chapter to the Penal Code on discovery in criminal cases, section 1054 et seq. (54 Cal.3d at p. 364.) Section 1054.1 sets forth the prosecution's duty of disclosure to a defendant. (54 Cal.3d at p. 374.) Subdivision (e) of section 1054.1 requires that the prosecution disclose to a defendant "[a]ny exculpatory evidence."

■ In addition to the prosecutor's obligations under section 1054.1, the due process clause of the United States Constitution imposes a duty on the prosecution to disclose " '. . . all substantial material evidence favorable to an accused . . . ,' " regardless of whether the accused makes a discovery request. (*Izazaga* v. *Superior Court, supra*, 54 Cal.3d at p. 378.) This duty is *"wholly independent* of any statutory scheme of reciprocal discovery." (*Ibid.*, original italics.) Moreover, no statutory discovery scheme can limit a defendant's due process right of discovery; such rights operate outside of any statutory scheme. (*Ibid.*) In recognition of these due process rights, section 1054, subdivision (e), provides that one of the purposes of the statutory discovery scheme is "[t]o provide that no discovery shall occur in criminal cases except as provided by this chapter, other express statutory provisions, *or as mandated by the Constitution of the United States.*" (Italics added.) This provision "contemplates disclosure *outside* the statutory scheme pursuant to constitutional requirements . . . ." (*Izazaga, supra,* at p. 378, original italics.)

■ The prosecution's constitutional duty to disclose all substantial material evidence favorable to an accused "extends to evidence which may reflect on the credibility of a material witness. [Citation.] . . . '[S]uppression of substantial material evidence bearing on the credibility of a key prosecution witness is a denial of due process . . . .' [Citation.]"[2] (*People* v. *Morris* (1988) 46 Cal.3d 1, 30 [249 Cal.Rptr. 119, 756 P.2d 843].[3]) Thus, "[w]hen the 'reliability of a given witness may well be determinative of guilt

---

[2]Thus, the trial court erred in accepting the prosecution's argument that subdivision (d) of section 1054.1, which requires disclosure of prior felony convictions, limits the prosecution's constitutional duty to disclose other impeachment evidence that does not rise to the level of a felony conviction. Notably, respondent does not even make this argument on appeal.

[3]Respondent characterizes the discussion in *Morris* as incorrect dictum, and asks that we not follow it. However, since *Morris* found that defendant "was wrongfully deprived of material evidence bearing on the credibility of the prosecution's key witness" (*People* v.

or innocence,' nondisclosure of evidence affecting credibility" may require a new trial. (*Giglio* v. *United States* (1972) 405 U.S. 150, 154 [31 L.Ed.2d 104, 108, 92 S.Ct. 763].)

Courts have held that the type of information appellant requested in this case is both discoverable and admissible because of its potential impact on credibility. In *People* v. *Coyer* (1983) 142 Cal.App.3d 839, 842 [191 Cal.Rptr. 376], Division Four of this district held that "a defendant is entitled to discovery of criminal charges currently pending against prosecution witnesses anywhere in the state." In *People* v. *Adams* (1988) 198 Cal.App.3d 10, 18-19 [243 Cal.Rptr. 580], Division Two of this district held that the trial court erred in excluding evidence that the victim had twice previously made false accusations of rape. (See also *People* v. *Burrell-Hart* (1987) 192 Cal.App.3d 593, 597-600 [237 Cal.Rptr. 654] [error to exclude evidence that the victim had previously made false accusation of rape, but error was harmless under the circumstances]; cf. *People* v. *Bittaker* (1989) 48 Cal.3d 1046, 1097 [259 Cal.Rptr. 630, 774 P.2d 659] [court did not err in excluding evidence of prior false accusations under Evid. Code, § 352].) Thus, we find that the trial court erred in denying appellant's discovery request.

■ Despite the error, reversal is appropriate only with respect to the spousal rape conviction, and only to enable the trial court to determine whether the error requires a new trial on that charge. Failure to disclose relevant impeachment evidence requires reversal " 'only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial.' [Citation.] Otherwise stated, reversal is required 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' [Citation.]" (*People* v. *Hayes* (1990) 52 Cal.3d 577, 612 [276 Cal.Rptr. 874, 802 P.2d 376].)

As to appellant's convictions for corporal injury to spouse, false imprisonment, and attempting to dissuade a victim from prosecuting, reversal is not warranted. There was ample evidence to corroborate the victim's testimony regarding these charges, including (1) independent observation by other witnesses of bruises on the victim and (2) appellant's letter to the victim in which he admits hurting her and doing "terrible things" to her and attempts to dissuade her from testifying. At trial, defense counsel suggested that appellant's mention in the letter of the "terrible things" he had done was a reference to his beating of the victim, not to the alleged rape. Counsel also (1) told the jury that "the contest here is over the rape allegation," (2) stated

---

*Morris, supra,* 46 Cal.3d at p. 31), its discussion clearly is not dictum. Thus, it is binding on this court.

that "[r]ape is a [*sic*] easy allegation to make when all that has happened is that a battery has occurred," (3) conceded the sufficiency of the evidence on the battery charge, and (4) suggested that appellant illegally imprisoned the victim to prevent discovery of the beating, not of the alleged rape. Consistent with this trial strategy, appellant argues to this court only that the victim's credibility "was central to the rape charge," and that denial of discovery undermines the verdict "[s]ince the state's case on the rape charge hung on the jury's belief or disbelief of" the victim. On this record, reversal of appellant's convictions other than for spousal rape is not required.

However, as to the spousal rape conviction, we cannot say on the record before us that the error was harmless. Appellant correctly argues that the victim's testimony was critical to this conviction and that there was little corroborating evidence. ▄▄▄ The victim failed to report the rape when she first contacted the police, and a medical examination following the incident showed no evidence of sexual activity. Moreover, we cannot determine whether there is any information responsive to appellant's request or what its impact on the victim's credibility would be.[4] Accordingly, as to count 2, we reverse the judgment and remand to the trial court to determine whether, as of the date of trial, there was any information responsive to appellant's request. If there was not, the court should reinstate the judgment as to this count. If there was, the trial court must evaluate the materiality of the evidence in light of the whole record and determine whether to grant a new trial on the spousal rape charge.[5] (See *People* v. *Coyer, supra,* 142 Cal.App.3d at pp. 844-845; *People* v. *Dillon* (1924) 68 Cal.App. 457, 477-478 [229 P. 974].)

---

[4]Respondent states that the prosecuting attorney, after checking the case file, has determined "that she had no knowledge of any prior conviction of [the victim], of any prior acts of dishonesty, or of any prior false reports of sexual offenses by [the victim]." Respondent offers to submit an affidavit to this effect upon request. However, because this is a criminal case and because appellant did not waive his right to jury trial, we cannot take additional evidence on appeal. (*People* v. *Pena* (1972) 25 Cal.App.3d 414, 421 [101 Cal.Rptr. 804], overruled on another ground in *People* v. *Duran* (1976) 16 Cal.3d 282, 292 [127 Cal.Rptr. 618, 545 P.2d 1322].) Moreover, even if we could take additional evidence, it is unclear that the prosecuting attorney's representation that *she* had no knowledge of facts responsive to appellant's request is sufficient. Although section 1054.1 requires disclosure only of information "in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies . . . ," the scope of the prosecutor's constitutional duty, which is outside and independent of the statutory duty, may be broader. (See *Izazaga* v. *Superior Court, supra,* 54 Cal.3d at p. 378, fn. 15.) That question, however, is not before us, and we do not decide it.

[5]In light of our ruling that the trial court did not err in excluding evidence of an outstanding warrant for the victim's arrest on prostitution charges (see discussion *infra*), a new trial would not be warranted if the only responsive information relates to a prostitution charge.

## The Exclusion of Evidence Was Not Improper

Appellant next contends that the court erred in excluding evidence that (1) there was an outstanding warrant for the victim's arrest on prostitution charges, and (2) appellant was not the father of the victim's baby. Appellant argues that these facts are evidence that the victim had a motive to lie. He also argues that evidence regarding the baby's parentage showed that the victim's testimony at trial was false. Finally, he argues that evidence of the arrest warrant was relevant to the victim's character for dishonesty because prostitution is a crime of moral turpitude.

■ Initially, we will not address appellant's argument regarding motive because he failed to raise it in the trial court. (*People* v. *Phillips* (1985) 41 Cal.3d 29, 51 [222 Cal.Rptr. 127, 711 P.2d 423].) In *Phillips*, as in this case, the trial court prohibited defense counsel from cross-examining a witness regarding alleged acts of prostitution. (*Id.*, at p. 49.) Defendant argued on appeal that the evidence established a motive for the witness to lie, but argued only different grounds at trial. (*Id.*, at pp. 50-51.) The court rejected defendant's claim, finding that "since the ground asserted for admitting the testimony was not raised before the trial court, it may not be considered now for the first time. [Citation.]" (*Id.*, at p. 51.) Here, appellant argued at trial that the prostitution arrest warrant was relevant to show the victim's character for dishonesty, and that evidence regarding the baby's parentage would establish that the victim had testified falsely about the subject of an argument she had had with appellant before the rape. Appellant never suggested that the evidence was admissible on the issue of the victim's motive to lie. Therefore, we will not address this argument on appeal. "A contrary rule would enable a party secretly to reserve a means of reversal in case the judgment went against him." (*People* v. *Lancaster* (1957) 148 Cal.App.2d 187, 196 [306 P.2d 626].)

■ Appellant's argument that evidence of the baby's parentage would establish that the victim lied at trial rests on a mischaracterization of the record. According to appellant, the victim testified at trial that she and appellant had had an argument prior to the rape which "involved only her desire that appellant leave." In truth, appellant asserts, they also argued about the fact that appellant was not the baby's father. Therefore, appellant concludes, he was entitled to submit evidence regarding the baby's parentage as part of his attack on the victim's trial testimony. The record shows, however, that the victim did not testify that she and appellant had *only* argued about her desire that appellant leave. Rather, when the prosecutor asked what the argument was about, the victim replied: "About how he couldn't stay there with me." She further replied affirmatively when the

prosecution asked whether arguments during the days preceding the rape were "in part" about her desire for a divorce. In omitting from her testimony any reference to her baby's parentage, the victim was simply complying with the trial court's ruling that there would be no reference to this subject.[6] In light of this record, we reject appellant's argument that evidence of the baby's parentage would show that the victim testified falsely at trial.

We also reject appellant's argument that the court's exclusion of evidence of the outstanding arrest warrant for the victim on charges of prostitution violated article I, section 28, subdivision (d) of the California Constitution, which prohibits the exclusion of relevant evidence in criminal trials unless otherwise provided by statute. The trial court excluded the evidence under Evidence Code section 352, which is an express exception to article I, section 28, subdivision (d). A court has substantial discretion under Evidence Code section 352 to exclude evidence on collateral issues. (*People v. Hernandez* (1976) 63 Cal.App.3d 393, 405 [133 Cal.Rptr. 745].) In *People v. Phillips, supra,* 41 Cal.3d at pages 49-51, the Supreme Court affirmed the exclusion of evidence regarding a witness's involvement in prostitution, noting that such evidence was degrading and had an obvious potential for embarrassing or unfairly discrediting the witness. Similarly, in *People v. Chapman* (1975) 47 Cal.App.3d 597, 608 [121 Cal.Rptr. 315], the court found no abuse of discretion in the trial court's refusal to permit defendant to cross-examine the victim as to whether she had ever engaged in prostitution. We also find that the trial court did not abuse its discretion in excluding under Evidence Code section 352 evidence of the outstanding warrant relating to prostitution.

*The Prosecution Adequately Proved the Enhancement*

Appellant lastly contends that the record fails to support the trial court's finding regarding his service of a prior prison term under section 667.5, subdivision (b). He argues that the evidence establishes only that he served eight months and eight days in the Kentucky State Penitentiary and spent three hundred sixty days in jail; it does "not show one year served in state prison" or "a continuous incarceration of one year served anywhere" as section 667.5 requires.

When evaluating a challenge on appeal to the sufficiency of the evidence, "we must determine whether substantial evidence supports the trier of fact's conclusion, not whether the evidence proves guilt beyond a reasonable doubt." (*People v. Elmore* (1990) 225 Cal.App.3d 953, 960 [275 Cal.Rptr. 315].) We must review the record in the light most favorable to the

---

[6]The record shows that the victim was present when the court announced its ruling.

judgment and affirm if "a reasonable trier of fact could have found that the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt. [Citation.]" (*Ibid.*)

█ Applying this standard of review, we find the evidence sufficient to sustain the conviction. Appellant's first attack, i.e., that the evidence fails to show one year served in state prison, is contrary to the evidence.[7] The prosecution submitted a resident record card showing that when appellant entered prison on August 11, 1989, he was credited with one year for jail time served. Under section 667.5, subdivision (h), because appellant's jail time was "credited as service of prison time in the jurisdiction of the confinement," it constitutes service of a prison term. The prosecution also submitted a notice of discharge showing appellant's parole release from the Kentucky State Penitentiary on April 19, 1990. Thus, for purposes of section 667.5, the evidence shows that appellant served a total of over 20 months in prison, which amply satisfies subdivision (f)'s requirement of service in prison for one year or more.

Appellant's argument that the prosecution failed to show a one-year continuous confinement rests on a misreading of section 667.5, subdivision (g), which defines a "prior separate prison term" under section 667.5. Appellant argues that this subdivision requires a showing of "one year of 'continuous' custody . . . ." However, subdivision (g) defines a prior prison term as "a continuous completed period of prison incarceration for the particular offense"; it does not specify that the continuous custody must be for a period of one year. We reject appellant's attempt to import the one-year service requirement of subdivision (f), which defines a qualifying felony conviction under section 667.5 when the conviction is in another jurisdiction, into subdivision (g), which defines an entirely separate requirement under section 667.5 and which is silent as to duration. The evidence amply establishes that appellant served a continuous completed period of incarceration in prison between August 11, 1989, and April 19, 1990, when he was released on parole.

Moreover, even if we agreed with appellant that the prosecution must show a one-year continuous commitment, the evidence is sufficient to sustain the trial judge's finding. Viewing the record in the light most favorable to the judgment, we find that a reasonable trier of fact could have

[7]The requirement that a defendant serve more than one year in prison derives from section 667.5, subdivision (f), which establishes the criteria an out-of-state conviction must satisfy to constitute a felony under section 667.5. Under subdivision (f), a felony includes "a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison if the defendant served one year or more in prison for the offense in the other jurisdiction. . . ."

concluded beyond a reasonable doubt that appellant's combined service of jail and prison time was continuous. In *People* v. *White* (1987) 196 Cal.App.3d 967 [242 Cal.Rptr. 256], the court reached a similar conclusion on analogous facts. There, defendant argued that, because records showed a prison commitment of less than one year, there was no factual basis for his stipulation that he had served a complete and separate term in state prison constituting more than one year of continuous custody. (*Id.*, at pp. 970-971.) The court disagreed in light of defendant's receipt of presentence custody credits. (*Id.*, at p. 971.) It reasoned that, "[a]lthough there is no recorded computation of these credits in the reporter's transcript, it is not illogical to suppose [defendant] was in custody continuously from the time of his arrest until the November 12th sentencing." (*Id.*, at pp. 971-972.) Similarly, we find here that the trier of fact reasonably could have concluded beyond a reasonable doubt that appellant's service of jail and prison time was continuous. Thus, even under appellant's reading of section 667.5, subdivision (g), the evidence is sufficient.

## DISPOSITION

As to count 2 (spousal rape), the judgment is reversed and the cause remanded for further proceedings in accord with the views expressed in this opinion. As to all other counts, the judgment is affirmed.[8]

White, P. J., and Merrill, J., concurred.

A petition for a rehearing was denied March 19, 1992, and respondent's petition for review by the Supreme Court was denied May 14, 1992.

---

[8]The trial court used the spousal rape conviction to compute the principal term of appellant's sentence. When an appellate court reverses the conviction underlying the principal term, a trial court retains jurisdiction over the entire cause to modify the sentence by selecting the next most serious conviction to compute a new principal term. (*People* v. *Bustamante* (1981) 30 Cal.3d 88, 104, fn. 12 [177 Cal.Rptr. 576, 634 P.2d 927].) Thus, the trial court in this case retains jurisdiction not only over count 2, but also over counts 1, 3, and 4 and the enhancement allegation, and can modify the sentence as to these charges if the ultimate disposition of count 2 requires such action. (*Ibid.*)