[No. B095088. Second Dist., Div. One. Aug. 15, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS L. GAMBLE, Defendant and Appellant.

## COUNSEL

Cheryl Barnes Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert Carl Schneider, Assistant Deputy Attorney General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—Dennis L. Gamble was convicted by jury of one count of second degree burglary, and the trial court found true allegations that he had served three prior prison terms. Gamble was sentenced to state prison for a term of five years (midterm of two years plus three consecutive one-year enhancements). He appeals, contending one of the prior prison term allegations (based on a 1982 Ohio conviction) is not supported by substantial evidence—because there is no evidence that he served one year or more of his Ohio sentence. We agree (and thus do not reach Gamble's other attacks on the same enhancement).

## DISCUSSION

■ When a prior California prison term is charged as an enhancement, the duration of the term actually served is irrelevant. (Pen. Code, § 667.5, subd. (g).)[1] Under subdivision (f) of section 667.5, however, a prior prison term from another jurisdiction qualifies as an enhancement only "if the defendant *served one year or more in prison* for the offense in the other jurisdiction." (Italics added.) Although there is evidence in the record that Gamble pled guilty in an Ohio state court to theft, a fourth degree felony, and was sentenced to a term of "not less than" eighteen months "nor more than" five years in the Ohio State Reformatory at Mansfield, there is no evidence about how much time he actually served.[2] It follows, according to Gamble, that the enhancement must be stricken. (*People* v. *Pinette* (1985) 163 Cal.App.3d 1122, 1124 [210 Cal.Rptr. 107]; *People* v. *Harbolt* (1988) 206 Cal.App.3d 140, 158-159 [253 Cal.Rptr. 390] [unless the evidence proves that the defendant served one year or more in prison in a foreign jurisdiction, it is improper to impose the enhancement].)

To avoid this result, the People urge us to infer from the documents in evidence *that the minimum term imposed was actually served.* The record does not support such an inference, and the People's reliance on *People* v. *Tenner* (1993) 6 Cal.4th 559 [24 Cal.Rptr.2d 840, 862 P.2d 840] is misplaced. *Tenner* holds that, where a prior *California* prison term is alleged (and there is thus no issue about the duration of the sentence actually served), the official duty presumption supports an inference that a defendant properly sentenced and delivered to prison in fact completed a term of *some* duration. (*Id.* at p. 566.) However proper it may be to "infer the ultimate fact of completion of the prison term from the existence of the documents reflecting the defendant's commitment to prison" (*ibid.*), it does not follow that it is proper to infer a required minimum duration of the defendant's sentence from evidence that does not support that inference. Simply put, *Tenner* does not support the People's contention that the trial court was entitled to draw an inference from an inference. (Cf. *Leslie G.* v. *Perry & Associates* (1996) 43 Cal.App.4th 472, 483 [50 Cal.Rptr.2d 785].)

There is nothing in the record to show whether the Ohio court's reference to a term of "not less than" 18 months referred to a mandatory minimum term, or whether Ohio law offers custody credits for prison work (or for

---

[1] All section references are to the Penal Code.

[2] The documents from Ohio include certified copies of the indictment, the judgment and the sentence (as well as pictures and fingerprints confirming Gamble's identity). Another document shows that Gamble was received by the Ohio Department of Rehabilitation and Correction on the same day he was sentenced, but there is nothing to show or suggest the date of his release.

anything at all) or permits early parole or whether there is any provision that might have enabled Gamble to obtain release before completing one year of the term imposed. In the trial court, there was no request for judicial notice of Ohio law, and there is no discussion of Ohio law in the People's brief on appeal. Indeed, all the People can point to is Gamble's probation report (which they concede was not before the trial court at the time the allegation was found true), which states that Gamble served 16 months of his 18-month sentence. Leaving to one side all questions about its admissibility, a probation report that was not before the trial court at the time of trial cannot fill the gap in the People's proof.

## DISPOSITION

The judgment is modified by striking the one-year enhancement imposed for the 1982 Ohio prison term and, as modified, is affirmed, with directions to the trial court to issue a corrected judgment and a corrected abstract of judgment.

Spencer, P. J., and Ortega, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 20, 1996.