BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE MICHAEL D. BRADBURY, DISTRICT ATTORNEY, VENTURA COUNTY, has requested an opinion on the following question:
May a California law enforcement agency destroy peace officer internal investigation files after a five-year retention period and peace officer personnel records five years after the officer has terminated employment with the agency when the destruction is solely a matter of administrative routine?
 CONCLUSION
A California law enforcement agency may destroy peace officer internal investigation files after a five-year retention period and peace officer personnel records five years after the officer has terminated employment when the destruction is solely a matter of administrative routine and no other factors are present that would establish "bad faith."
 ANALYSIS
The question presented for resolution concerns the disclosure obligation imposed upon local law enforcement agencies by the United States Supreme Court in the case of Brady v. Maryland (1963) 373 U.S. 83, and its impact, if any, on the continued retention of peace officer internal investigation files and peace officer personnel records beyond a five-year period. The so-called Brady rule derives from a defendant's constitutional right to due process of law under the Fourteenth Amendment of the United States Constitution.[1] It provides that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." (Id., at p. 87.) Failure of the prosecution to disclose exculpatory evidence to a criminal defendant may result in reversal of the defendant's conviction or punishment. (Compare Strickler v. Greene (1999) 527 U.S. 263 [144 L.Ed.2d 286] with In re Pratt (1999)69 Cal.App.4th 1294.)
The question presented for resolution concerns whether there is a constitutional due process requirement that peace officer internal investigation files be retained for more than five years and peace officer personnel records be retained more than five years after the officer has terminated employment. We conclude that such materials may be destroyed after a five-year retention period when no factors are present that would establish "bad faith."
With respect to maintaining peace officer internal investigation files and personnel records, Penal Code section 832.5[2] provides:
 "(a) Each department or agency in this state that employs peace officers shall establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies, and shall make a written description of the procedure available to the public.
 "(b) Complaints and any reports or findings relating to these complaints shall be retained for a period of at least five years. All complaints retained pursuant to this subdivision may be maintained either in the officer's general personnel file or in a separate file designated by the department or agency as provided by department or agency policy, in accordance with all applicable requirements of law. However, prior to any official determination regarding promotion, transfer, or disciplinary action by an officer's employing department or agency, the complaints described by subdivision (c) shall be removed from the officer's general personnel file and placed in separate file designated by the department or agency, in accordance with all applicable requirements of law.
 "(c) Complaints by members of the public that are determined by the peace officer's employing agency to be frivolous, as defined in Section 128.5
of the Code of Civil Procedure, or unfounded or exonerated, or any portion of a complaint that is determined to be frivolous, unfounded, or exonerated, shall not be maintained in that officer's general personnel file. However, these complaints shall be retained in other, separate files that shall be deemed personnel records for purposes of the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code) and Section 1043 of the Evidence Code.
 "(1) Management of the peace officer's employing agency shall have access to the files described in this subdivision.
 "(2) Management of the peace officer's employing agency shall not use the complaints contained in these separate files for punitive or promotional purposes except as permitted by subdivision (f) of Section 3304 of the Government Code.
 "(3) Management of the peace officer's employing agency may identify any officer who is subject to the complaints maintained in these files which require counseling or additional training. However, if a complaint is removed from the officer's personnel file, any reference in the personnel file to the complaint or to a separate file shall be deleted.
 "(d) As used in this section, the following definitions apply:
 "(1) `General personnel file' means the file maintained by the agency containing the primary records specific to each officer's employment, including evaluations, assignments, status changes, and imposed discipline.
 "(2) `Unfounded' means that the investigation clearly established that the allegation is not true.
 "(3) `Exonerated' means that the investigation clearly established that the actions of the peace officer that formed the basis for the complaint are not violations of law or department policy." (Italics added.)
Section 832.7 additionally states:
 "(a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.
 "(b) Notwithstanding subdivision (a), a department or agency shall release to the complaining party a copy of his or her own statements at the time the complaint is filed.
 "(c) Notwithstanding subdivision (a), a department or agency which employees peace officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved.
 "(d) Notwithstanding subdivision (a), a department or agency which employs peace officers may release factual information concerning a disciplinary investigation if the peace officer who is the subject of the disciplinary investigation, or the peace officer's agent or representative, publicly makes a statement he or she knows to be false concerning the investigation or the imposition of disciplinary action. Information may not be disclosed by the peace officer's employer unless the false statement was published by an established medium of communication, such as television, radio, or a newspaper. Disclosure of factual information by the employing agency pursuant to this subdivision is limited to facts contained in the peace officer's personnel file concerning the disciplinary investigation or imposition of disciplinary action that specifically refute the false statements made public by the peace officer or his or her agent or representative.
 "(e) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.
 "The notification described in this subdivision shall not be conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States.
 "(f) Nothing in this section shall affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to Section 1043 of the Evidence Code."
Section 832.8 provides:
 "As used in Section 832.7, `personnel records' means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:
 "(a) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information.
"(b) Medical history.
"(c) Election of employee benefits.
"(d) Employee advancement, appraisal, or discipline.
 "(e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.
 "(f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy."
With these statutory provisions in mind, we first note that exculpatory material includes information that may tend to impeach the credibility of a prosecution witness. (United States v. Bagley (1985) 473 U.S. 667; Napue v. Illinois (1959) 360 U.S. 264; People v. Hayes (1992)3 Cal.App.4th 1238.) Such information may be present in complaints filed by members of the public against peace officers pursuant to the provisions of section 832.5.
As specified in subdivision (a) of section 832.7, the procedures for obtaining information from files maintained pursuant to section832.5 and peace officer personnel records are set forth in Evidence Code sections 1043 and 1046. Excluded from disclosure under these procedures is "[i]nformation consisting of complaints concerning conduct occurring more than five years before the event or transaction which is the subject of the litigation in aid of which discovery or disclosure is sought." (Evid. Code, § 1045, subd. (b)(1).) This exclusion is consistent with the directive of subdivision (b) of section832.5 that "[c]omplaints and reports of findings relating to these complaints shall be retained for a period of at least five years."
The Brady rule does not directly address the length of a retention period for maintaining any personnel records. Certainly, if the relevant file or record is in existence and contains exculpatory evidence, it is subject to the Brady disclosure requirements. However, if the material has been destroyed in accordance with an administrative policy that comports with the five-year minimum retention period of section832.5, has there been a violation of the due process rights of a criminal defendant who contends that the records may have contained exculpatory evidence?
In U.S. v. Femia (1st Cir. 1993) 9 F.3d 990, 993, the court distinguished between the situations where the law enforcement agency had possession of the disputed evidence and where it did not:
 "It is axiomatic that Brady and its progeny established that a defendant has a due process right to request and receive evidence that the government possesses which is material to his guilt or punishment. [Citation.] The Constitution, however, does not require a prosecutor `routinely to deliver his entire file to defense counsel.' [Citation.] In recent years the Supreme Court has developed a framework to analyze `what might loosely be called the area of constitutionally guaranteed access to evidence.' [Citations.] The Supreme Court's jurisprudence divides cases involving nondisclosure of evidence into two distinct universes. Brady and its progeny address exculpatory evidence still in the government's possession. Youngblood and Trombetta govern cases in which the government no longer possesses the disputed evidence."
In People v. Zapien (1993) 4 Cal.4th 929, 964, the California Supreme Court explained the holdings in Trombetta and Youngblood:
 ". . . `In California v. Trombetta (1984) 467 U.S. 479, 488-489, the high court held: "Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality [citation], evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." (Fn. omitted.) [6] More recently, in Arizona v. Youngblood (1988) 488 U.S. 51, 58, the court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."' [Citation.] This court has expressly adopted the high court's holdings in Trombetta and Youngblood. [Citation.]"
In People v. Memro (1995) 11 Cal.4th 786, certiorari denied (1996)519 U.S. 834, the California Supreme Court followed the Trombetta and Youngblood line of cases in concluding that a law enforcement agency's destruction of peace officer personnel records solely as a matter of administrative routine and after the mandatory retention period set by statute had expired did not violate the defendant's constitutional due process rights. The court observed:
 "In Arizona v. Youngblood (1988) 488 U.S. 51, 58, the federal high court held that `unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.' Moreover, a trial court's inquiry whether evidence was destroyed in good faith or bad faith is essentially factual: therefore, the proper standard of review is substantial evidence. (See U.S. v. Stevens (3d Cir. 1991) 935 F.2d 1380, 1387-1388
[applying clearly erroneous standard].)
 "Under the holding of Youngblood and Stevens, we conclude that substantial evidence supported the court's ruling. The burden was on defendant to show bad faith, and he did not meet his burden. Even if the records were potentially useful, the failure to preserve them did not violate due process." (Id., at p. 831.)
In People v. Jackson (1996) 13 Cal.4th 1164, certiorari denied (1997)520 U.S. 1216, the California Supreme Court again ruled that the destruction of peace officer personnel records after the five-year retention period solely as a matter of administrative routine did not constitute "bad faith." The court reasoned:
 ". . . According to a representative of the Corona Police Department at a 1993 hearing held at our direction, these personnel records have been destroyed, in accordance with the department's policy of destroying citizens complaints more than five years old against police officers. (See Evid. Code, § 1045, subd. (b)(1) [defendant not entitled to complaints more than five years old].) Defendant does not show bad faith in the destruction of these records, and therefore no constitutional error appears. (Arizona v. Youngblood (1988) 488 U.S. 51, 58; People v. Memro (1995) 11 Cal.4th 786, 831.)" (Id., at p. 1221, fn. 10.)
Similarly, here, we do not have any facts to support a finding of a bad faith destruction of material evidence. The files and records would be destroyed solely in accordance with an administrative policy and after sufficient time had elapsed, as determined by the Legislature, to provide reasonable assurance that the information would not be needed in or be relevant to any criminal matter. (See City and County of San Francisco v. Superior Court (Lemas) (1981) 125 Cal.App.3d 879, 883.)
We recognize, of course, that subdivision (b) of section 832.5
allows for a records retention period of longer than five years. As a matter of prudent policy, a law enforcement agency may determine that a longer period would promote greater public confidence in its procedures and practices. Policy concerns are appropriately addressed to the particular law enforcement agency or to the Legislature rather than to this office. (See 81 Ops.Cal.Atty.Gen. 397, 402-403 (1998).) All we determine here is that the requisite showing of bad faith is not established by the mere administratively routine destruction of peace officer files and records after a five-year retention period.
We conclude that a California law enforcement agency may destroy peace officer internal investigation files after a five-year retention period and peace officer personnel records five years after the officer has terminated employment with the agency when the destruction is solely a matter of administrative routine and no other factors are present that would establish "bad faith."
[1] The clause reads "nor shall any state deprive any person of life, liberty, or property, without due process of law." The California Constitution contains a similar due process clause (Cal. Const., art. I, § 29), as well as a clause confirming the supremacy of the United States Constitution (Cal. Const., art. III, § 1).
[2] All references hereafter to the Penal Code are by section number only.