Filed 1/22/25  P. v. Newell CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR DEL MARTAIKAWADZA NEWELL,<br><br>Defendant and Appellant. | F087337<br><br>(Super. Ct. No. BF195195A)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Eric Bradshaw, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and John W. Powell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Detjen, J. and Peña, J.

## INTRODUCTION

Defendant Arthur Del Martaikawadza Newell pleaded no contest to possession of ammunition, after having been previously convicted of felonies, and agreed to a court trial as to whether his prior Oregon convictions were "strikes" under the "Three Strikes" law (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  The trial court ruled that the prior convictions were strike offenses under California law and, after striking the convictions, placed defendant on a two-year term of probation.  Defendant argues that the evidence was insufficient to prove that his prior Oregon convictions were serious felony convictions under California law.  The People concede that the trial court's decision was not supported by sufficient evidence.  We accept the concession and remand for the prosecution to decide whether to seek retrial of the prior strike conviction allegations.

## PROCEDURAL AND FACTUAL BACKGROUND

The District Attorney of Kern County filed an information on September 1, 2023, charging defendant with possession of a firearm after having been previously convicted of a felony (§ 29800, subd. (a)(1)) and possession of ammunition after having been previously convicted of a felony (§ 30305, subd. (a)).  The information also alleged one prior strike conviction within the meaning of the Three Strikes law[2] and that defendant served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)).  Defendant pleaded not guilty to the charges and denied all allegations.

As part of an agreement with the prosecution, defendant agreed to plead no contest to possession of ammunition, admit that he was previously convicted of two felonies in Oregon, and agree to a court trial as to whether his prior felony convictions qualified as strikes under the Three Strikes law.  The prosecution agreed to dismiss the possession of

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The prosecution later orally amended the information to allege a second prior strike conviction arising from the same Oregon case in which the original strike had arisen.

2.

a firearm charge and that defendant would serve a two-year term of probation and no further time in custody. The court indicated that it would strike the prior convictions at the time of sentencing. Defendant then pleaded no contest to possession of ammunition and admitted having two prior strike convictions. The trial court granted the prosecution's motion to dismiss the possession of a firearm charge.

The information as amended alleged that defendant had been convicted in Marion County, Oregon of second degree robbery (Or. Rev. Stat. § 164.405) and third degree assault (Or. Rev. Stat. § 163.165). After a court trial on December 12, 2023, the trial court issued its ruling that both Oregon convictions qualified as serious felony convictions pursuant to sections 667.5, subdivision (c)(9) and 1192.7, subdivision (c)(10) and (19).

On December 14, 2023, the trial court granted defendant's motion to strike his prior strike convictions, suspended defendant's sentence, and imposed a two-year term of probation. The court also ordered that defendant pay a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 probation revocation restitution fine (§ 1202.44), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8, subd. (a)(1)).

Defendant timely appealed on December 14, 2023.

## DISCUSSION

### I. *Background*

On July 30, 2015, the District Attorney of Marion County filed an information in the Circuit Court of Oregon that charged defendant and three other individuals with four counts of second degree robbery (Or. Rev. Stat. § 164.405; counts 1, 3, 5, 6) and three counts of third degree assault (Or. Rev. Stat. § 163.165; counts 2, 4, 7).[3] Each robbery

---

[3] The People's evidence did not contain a copy of the amended information filed on December 10, 2015.

count alleged that defendant "did unlawfully and knowingly, while in the course of committing theft, with the intent of compelling [the victim][4] to deliver the property, and being aided by another person actually present, use and threaten the use of physical force upon [the victim]." Each assault count alleged that defendant, "[a]s part of the same transaction," "did unlawfully and intentionally, while being aided by another person actually present, cause physical injury to [the victim]."

As part of an agreement with the prosecution, defendant pleaded guilty to all charges, except for counts 1 and 6, and pleaded guilty to a lesser included offense as to count 7. Defendant agreed to the factual basis for his pleas "per language of the charging instrument as to Counts 2, 3, 4, 5, and amended 7 (lesser included)." The court sentenced him to a five-year term of probation and one year in county jail with credit for time served.

## II.    *Applicable Law and Standard of Review*

Defendant contends there was insufficient evidence to sustain the prior conviction sentence enhancements under section 667. The People concede this issue, and we accept the concession.

An out-of-state or foreign conviction may be found to be a strike offense in California if the conviction "is for an offense that includes all of the elements of a particular violent felony as defined in subdivision (c) of [s]ection 667.5 or serious felony as defined in subdivision (c) of [s]ection 1192.7." (§ 667, subd. (d)(2); see also § 1170.12, subd. (b)(2).) Thus, "[a] defendant whose prior conviction was suffered in another jurisdiction is … subject to the same punishment as a person previously convicted of an offense involving the same conduct in California." (*People v. Myers*

---

[4]    Although all charges in the Oregon information allege to have occurred on the same day, counts 1 and 2 involved one victim, counts 3 and 4 involved a second victim, count 5 involved a third victim, and counts 6 and 7 involved a fourth victim.

(1993) 5 Cal.4th 1193, 1201.)  Robbery is a serious felony under California law.[5]
(§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19).)  If a defendant's prior robbery conviction in another state qualifies as a strike, he or she is subject to a doubled term for his or her current offense (§§ 667, subd. (e), 1170.12, subd. (c)(1)) and a five-year additional term (§ 667, subd. (a)).

"To qualify as a serious felony, a conviction from another jurisdiction must involve conduct that would qualify as a serious felony in California."  (*People v. Avery* (2002) 27 Cal.4th 49, 53.)  To determine whether a prior conviction from another state contains all the elements of the California felony, the trier of fact may not look outside the record of conviction.  The court may consider any evidence in the record of conviction "if not precluded by the rules of evidence or other statutory limitation." (*People v. Myers, supra*, 5 Cal.4th at p. 1201.)  If the record does not disclose any of the facts of the offense committed, the court will presume the prior conviction was for the least offense punishable under the law of that jurisdiction.  (*Id.* at p. 1200.)

" '[I]n determining the truth of an alleged prior conviction when … the necessary elements of that conviction do not establish that it is a serious felony, and thus subject to California's Three Strikes law, the trier of fact must decide whether the defendant's conduct, as demonstrated in the record of the prior conviction, shows that the crime was a serious felony.' "  (*People v. Gallardo* (2017) 4 Cal.5th 120, 135 (*Gallardo*).)  In that

---

[5]    The prosecution additionally argued that because defendant was charged with separate counts of robbery and assault in the Oregon information, that these charges are serious offenses pursuant to section 1192.7, subdivision (c)(19), which makes assault with intent to commit robbery a serious felony.  This offense was formerly proscribed by section 220 but was deleted from that statute in 1978.  (Stats. 1978, ch. 579, § 12, p. 1982; *People v. Pinette* (1985) 163 Cal.App.3d 1122, 1125 & fn. 4 [not reaching the issue whether a post-1978 foreign conviction for assault with intent to commit robbery may be the basis for imposition of a five-year enhancement pursuant to § 667, subd. (a)].)  We note that 667.5 defines "violent felony" to include "[a]ssault with intent to commit a specified felony, in violation of [s]ection 220." (§ 667.5, subd. (c)(15).)  However, because we find that the elements of robbery in Oregon are different than those in California, this difference necessarily excludes Oregon's crimes from the definition of serious felony relative to assault with intent to commit robbery.

regard, "[t]he trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes far beyond the recognition of a prior conviction.' " (*Id.* at p. 134.) The court may rely on facts that "the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id.* at p. 136.) The sentencing court cannot make " 'a disputed determination about "what the defendant and state judge must have understood as the factual basis of the prior plea." ' " (*Id.* at pp. 133–134.)

### III.    Analysis

Robbery in the state of California is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "It has been settled law for nearly a century that an essential element of the crime of robbery is that property be taken from the possession of the victim." (*People v. Nguyen* (2000) 24 Cal.4th 756, 762.)

In Oregon, a person commits the crime of robbery in the second degree if the person violates Oregon Revised Statute section 164.395 (robbery in the third degree) and also either "[r]epresents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon" or "[i]s aided by another person actually present." (Or. Rev. Stat. § 164.405(1)(a),(b).) Oregon Revised Statute section 164.395 is violated "if in the course of committing or attempting to commit theft … the person uses or threatens the immediate use of physical force upon another person with the intent of: [¶] (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or [¶] (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft .…" (Or. Rev. Stat. § 164.395(1)(a),(b).)

One can readily discern that the elements of robbery in Oregon do not require that the property be taken from the person or the person's immediate presence as is required

6.

by section 211.  According to one learned treatise, most modern statutes do not contain the " 'person or presence' " requirement and follow the Model Penal Code on this point to "encompass some other situations which ought to be included within the crime of robbery." (3 LaFave, Substantive Criminal Law (3d ed. 2018) § 20.3(c), pp. 233–234.)  Oregon is included in the list of states that do not have the "person or presence" requirement.  (*Id.* at p. 234, fn. 42.)  The Model Penal Code provides an example of a scenario that would be a robbery in states without the "person or presence" requirement: " 'an offender might threaten to shoot the victim in order to compel him to telephone directions for the disposition of property located elsewhere or the threat may be to one person in order to secure property from another who is not then present.' " (3 LaFave, *supra*, § 20.3(c), p. 234, fn. 44, quoting Model Pen. Code & Commentaries, com. to § 221.1, p. 112.)

As our Supreme Court has recognized in *People v. Nguyen, supra*, 24 Cal.4th 756, California has not adopted the approach of the Model Penal Code whose language is quite different from section 211.  (*Id.* at pp. 763–764 & fn. 4 [recognizing that Oregon is a state which does not require the property be taken from the possession of the victim]; cf. *People v. Rodriguez* (2004) 122 Cal.App.4th 121, 129–130 [finding similar robbery statute from Texas did not require property be taken from the person or immediate presence of victim].)  California law requires that the property be taken from the possession of the victim.  (*Nguyen*, at p. 762.)  Because a conviction for robbery in Oregon may involve conduct that would not qualify as a serious felony in California according to the elements of the crime, defendant's conviction can only be a serious felony for purposes of section 667 if defendant's conduct " 'as demonstrated in the record of the prior conviction, shows that the crime was a serious felony.' " (*Gallardo, supra*, 4 Cal.5th at p. 135.)  The records in this case, however, do not allege any additional facts of the robbery that would establish that defendant took property within the possession or

immediate presence of the victim, as the factual basis for the plea refers only to the language in the information, which does not include these facts.

Therefore, we agree with the parties that the prosecution's evidence was not sufficient to establish that defendant's Oregon convictions were "serious felonies" within the meaning of section 667.5 or section 1192.7.  We reverse the trial court's findings on the prior Oregon convictions and remand for the People to be given an opportunity to decide whether to retry the prior strike conviction allegations.  (See *Gallardo, supra*, 4 Cal.5th at p. 138.)

## DISPOSITION

We reverse the trial court's findings as to the prior strike conviction allegations and remand for further proceedings consistent with this opinion.  The judgment is otherwise affirmed.