Filed 2/18/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| J.E., <br><br>     Petitioner, <br><br>     v. <br><br> THE SUPERIOR COURT OF SAN DIEGO COUNTY, <br><br>     Respondent; <br><br> THE PEOPLE, <br><br>     Real Party in Interest. | D064543 <br><br> (Super. Ct. No. JCM232811) |

Petition for a writ of mandate to challenge an order of the Superior Court of San Diego County, Richard R. Monroy, Judge. Petition granted.

Henry C. Coker, Public Defender, Randy Mize, Chief Deputy Public Defender, and Marian Gaston, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, District Attorney, Jesus Rodriguez, Assistant District Attorney, and Laura E. Tanney, Deputy District Attorney, for Real Party in Interest.

During the pendency of juvenile delinquency proceedings against J.E., J.E. filed a petition requesting that the court conduct an in camera inspection of a prosecution witness's juvenile dependency file for *Brady*[1] exculpatory and impeachment evidence. The petition was filed under Welfare and Institutions Code section 827, which allows a juvenile court to release information from juvenile files to persons who are otherwise not authorized to access the confidential files.[2] The juvenile court declined to examine the file, ruling the *Brady* review should be conducted by the prosecutor, not the court.

In this writ of mandate petition, J.E. challenges the court's refusal to exercise its authority to review the file under section 827. The People (represented by the district attorney's office) agree that the court erred by declining to inspect the file.

For reasons we shall explain, we hold that when a petitioner files a section 827 petition requesting that the court review a confidential juvenile file and provides a reasonable basis to support its claim that the file contains *Brady* exculpatory or impeachment material, the juvenile court is required to conduct an in camera review. Accordingly, we grant the petition and direct the juvenile court to consider the section 827 petition on its merits.

BACKGROUND

On January 28, 2013, petitioner J.E., a minor, was charged in juvenile court with petty theft and two counts of lewd conduct on M.D. On March 14, 2013, J.E.'s counsel

1    *Brady v. Maryland* (1963) 373 U.S. 83.

2    Subsequent unspecified statutory references are to the Welfare and Institutions Code.

filed a section 827 petition requesting access to confidential juvenile records of a prosecution witness (minor E.W.), who purportedly witnessed incriminating comments and conduct by petitioner at the time of the alleged incident and reported his observations to his mother.[3] At a hearing on May 10, 2013, J.E.'s counsel asked the juvenile court to conduct an in camera inspection of E.W.'s records (apparently referring to E.W.'s dependency file) for *Brady* exculpatory and impeachment material, and to determine what should be disclosed under the applicable "balancing test" (i.e., fair trial rights versus confidentiality needs). J.E.'s counsel told the court that the records were "absolutely material" to the defense, and offered to provide specific information supporting the request "off the record or under seal."

The court denied J.E.'s request that it conduct an in camera inspection of E.W.'s records. The court ruled that a defense request for exculpatory and impeachment information should be directed to the prosecution under its statutory (Pen. Code, § 1054.1) and constitutional (*Brady*) disclosure obligations, not to the court under section 827.

After the court's ruling, on May 13, 2013, J.E.'s counsel submitted a request to the prosecutor requesting disclosure of child welfare services records and/or police reports pertaining to E.W. concerning allegations of sexual abuse, inappropriate behavior, or

---

[3] The actual section 827 petition has not been included in the record before us. Our description of witness E.W.'s purported statements is derived from the return to the writ petition filed by the district attorney's office.

3

moral turpitude.[4]  The prosecutor reviewed the records and informed J.E.'s counsel there was no *Brady* material.  Based on her belief this evidence existed, J.E.'s counsel requested that the juvenile court again consider the section 827 petition.  The court denied the request, stating:  "[T]he Court's ruling will remain.  The District Attorney has the obligation to disclose Brady material.  This Court will not conduct a pretrial review of the prosecution's discovery requirements."

On September 11, 2013, J.E. petitioned for writ of mandate, requesting that we order the juvenile court to inspect E.W.'s juvenile file under section 827 and produce "relevant information to defense counsel."  We issued an order to show cause, received a return from the People, and heard oral argument.  The People agree with petitioner that the juvenile court erred in declining to conduct the requested in camera review and requiring the district attorney to review the file for *Brady* material.

We also agree.  We conclude that imposing an in camera inspection duty upon the juvenile court in response to a section 827 petition is supported by both policy and practical considerations.

---

[4]    J.E.'s counsel requested:  "Any and all Child Welfare Services reports and/or police reports documenting incidents or allegations of sexual abuse and/or inappropriate behavior involving minor [E.W.]" and "Any and all Child Welfare Services reports and/or police reports documenting incidents or allegations of moral turpitude on behalf of minor [E.W.]"

DISCUSSION

I. *Relevant Law*

A. *Disclosure Obligations Under* Brady

Disclosure obligations in criminal proceedings are governed by both statutory procedures and federal constitutional due process rights. Penal Code section 1054.1 specifies the matters that the prosecution must disclose to the defense, including exculpatory evidence and felony convictions of material witnesses. (Pen. Code, § 1054.1, subds. (d), (e).) Although these statutory discovery procedures are expressly applicable only to criminal proceedings, the juvenile court has the discretion to apply them in juvenile delinquency proceedings as well. (*Clinton K. v. Superior Court* (1995) 37 Cal.App.4th 1244, 1248.)[5] The *constitutional* disclosure obligations, which are delineated in *Brady* and its progeny, exist independently of these statutory procedures. (*Izazaga v. Superior Court* (1991) 54 Cal.3d 356, 377-378.)

To comply with *Brady* constitutional due process requirements, the prosecution must disclose exculpatory and impeachment evidence that is favorable to the accused and material on the issue of guilt or punishment. (*People v. Salazar* (2005) 35 Cal.4th 1031, 1042; *City of Los Angeles v. Superior Court* (2002) 29 Cal.4th 1, 7.) Broadly speaking, exculpatory evidence is evidence that tends to exonerate the defendant from guilt. (See *Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 377.) The impeachment

---

5    Discovery in juvenile delinquency proceedings is also guided by the California Rules of Court, rule 5.546. Subsequent references to rules are to the California Rules of Court.

5

component includes evidence that might undermine a prosecution witness's credibility. (*People v. Webb* (1993) 6 Cal.4th 494, 518; *City of Los Angeles v. Superior Court, supra*, 29 Cal.4th at p. 16; *People v. Superior Court* (*Meraz*) (2008) 163 Cal.App.4th 28, 51 [evidence favorable to the accused is " 'evidence that the defense could use either to impeach the state's witnesses or to exculpate the accused' "].)  Disclosure may be required even when the evidence is subject to a state privacy privilege, as is the case with confidential juvenile records.  (*Pennsylvania v. Ritchie* (1987) 480 U.S. 39, 57-58 (*Ritchie*); see *Webb, supra*, at p. 518.)  The *Brady* disclosure requirement applies to juvenile delinquency proceedings as well as criminal proceedings.  (*Joe Z. v. Superior Court* (1970) 3 Cal.3d 797, 806, fn. 5; see *Robert S. v. Superior Court* (1992) 9 Cal.App.4th 1417, 1423.)

Under *Brady*, the prosecutor has the duty to learn of any favorable evidence known to others acting on the government's behalf in the case.  (*People v. Salazar, supra*, 35 Cal.4th at p. 1042.)  The prosecution's duty to inspect for exculpatory and impeachment evidence is generally limited to materials possessed by the "prosecution team" that is connected to the investigation or prosecution of the charges against the defendant.  (*Barnett v. Superior Court* (2010) 50 Cal.4th 890, 904; *In re Steele* (2004) 32 Cal.4th 682, 697 ["the prosecution cannot reasonably be held responsible for evidence in the possession of *all* government agencies, including those not involved in the investigation or prosecution of the case"]; *In re Brown* (1998) 17 Cal.4th 873, 879-880.)

However, in limited circumstances the prosecution's *Brady* duty may require disclosure of exculpatory and impeachment information contained in materials that are

6

*not* directly connected to the case. For example, particularly upon the request of the defense, the prosecution has the duty to seek out critical impeachment evidence in records that are " 'reasonably accessible' " to the prosecution but not to the defense. (*People v. Little* (1997) 59 Cal.App.4th 426, 433-434 [prosecution must investigate key prosecution witness's criminal history and disclose felony convictions]; *People v. Santos* (1994) 30 Cal.App.4th 169, 178-179 [upon defense request, prosecution must disclose prosecution witnesses' misdemeanor convictions]; *People v. Hayes* (1992) 3 Cal.App.4th 1238, 1243, 1245 [upon defense request, prosecution must disclose prosecution witness's criminal convictions, pending charges, probation status, acts of dishonesty, and prior false reports]; *People v. Martinez* (2002) 103 Cal.App.4th 1071, 1078; *In re Pratt* (1999) 69 Cal.App.4th 1294, 1317.)[6] If a defendant seeks recourse to the courts to challenge the prosecutor's *Brady* disclosure decision, the defendant must show that the prosecutor's " 'omission is of sufficient significance to result in the denial of the defendant's right to a fair trial.' " (*People v. Superior Court* (*Meraz), supra*, 163 Cal.App.4th at p. 51.)

---

[6] This does not mean that the prosecution must routinely review all available files for evidence that might impeach a prosecution witness. (See *United States v. Brooks* (D.C. Cir. 1992) 966 F.2d 1500, 1503-1504 (*Brooks*); *United States v. Joseph* (3d Cir. 1993) 996 F.2d 36, 40-41.) When deciding the scope of the prosecution's duty to search files unrelated to the case, the courts consider such factors as whether a request has been made by the defense; the prosecution's ease of access to the information; and the likelihood of evidence favorable to the defense. (*Brooks, supra*, at p. 1504 [prosecution should inspect files when "there is an explicit request for an apparently very easy examination, and a non-trivial prospect that the examination might yield material exculpatory information]; *Joseph, supra*, at p. 41 [absent request by defense, prosecution need not search "unrelated files to exclude the possibility, however remote, that they contain exculpatory information"].)

Although the government's *Brady* obligations are typically placed upon the *prosecutor*, the courts have recognized that the *Brady* requirements can also be satisfied when a *trial court* conducts an in camera review of documents containing possible exculpatory or impeachment evidence. (See *Ritchie, supra*, 480 U.S. at pp. 57-58; *Brooks, supra*, 966 F.2d at pp. 1504-1505.) For example, in *Ritchie*, a defendant charged with sexual offenses against a minor sought discovery of the records of the state child protection agency that investigated the child's allegations. (*Ritchie, supra*, 480 U.S. at p. 43.) Rejecting the defense request for access to the files, the *Ritchie* court held that the defendant's right to a fair trial and the state's interest in confidentiality of the files could be properly accommodated through the court's in camera review of the files. (*Id.* at pp. 59-61.) The *Ritchie* court required the petitioner to make a threshold showing of materiality to trigger the trial court's duty to search the file. (*Id.* at p. 58, fn. 15 [petitioner "may not require the trial court to search through the . . . [confidential] file without first establishing a basis for his claim that it contains material evidence"].) Subsequent to *Ritchie*'s selection of the in camera review procedure, courts have recognized that in camera inspection is appropriate when there is a "*special interest in secrecy*" afforded to the files. (*Brooks, supra*, at pp. 1504-1505, italics added; see *People v. Webb, supra*, 6 Cal.4th at p. 518 ["When the state seeks to protect such privileged items from disclosure, the court must examine them in camera to determine whether they are 'material' to guilt or innocence."]; *United States v. Pena* (2d Cir. 2000) 227 F.3d 23, 27.)

B. *Section 827 Petition Procedures*

Entirely distinct from prosecutorial disclosure obligations, the Legislature has enacted a statutory scheme specifically governing access to juvenile records. There is a strong public policy of confidentiality of juvenile records (*In re Keisha T.* (1995) 38 Cal.App.4th 220, 231), and section 827 et seq. sets forth detailed provisions to protect this confidentiality.[7] Section 827 specifies who is authorized to inspect the files, and it lists the prosecutor as one of the authorized persons.[8] An authorized person, in turn, may not disclose information from the files to an unauthorized person without a court order. (§ 827, subd. (a)(4), (5); see *T.N.G. v. Superior Court* (1971) 4 Cal.3d 767, 780-781; *In re Keisha T., supra*, 38 Cal.App.4th at p. 234.) Consistent with this, the San Diego County Juvenile Court's written policies for inspection of juvenile files state that if the district attorney has inspected a juvenile file and finds discoverable material, the district attorney should first obtain a court order before turning the material over to the defense. (San Diego Juvenile Court Policy for Inspection and Copying of Juvenile Case File Documents (Rev. 5/16/13), Sec. IV. D., p. 4.)

---

[7] Section 827's confidentiality provisions have been interpreted to apply broadly to petitions, reports, and other documents compiled in any juvenile dependency or delinquency investigation or proceeding. (§ 827, subd. (e); *In re Elijah S.* (2005) 125 Cal.App.4th 1532, 1549-1553.)

[8] Section 827, subdivision (a)(1)(B) states: "Except as provided in Section 828, a [juvenile] case file may be inspected only by the following: [¶] . . . [¶] The district attorney, a city attorney, or city prosecutor authorized to prosecute criminal or juvenile cases under state law."

Section 827 also contains provisions that permit unauthorized persons to directly petition the juvenile court for access to the confidential records. (§ 827, subd. (a)(1)(P); *R.S. v. Superior Court* (2009) 172 Cal.App.4th 1049, 1053-1054.)[9] Under section 827 the juvenile court has "exclusive authority to determine whether and to what extent to grant access to confidential juvenile records" to unauthorized persons. (*In re Elijah S., supra*, 125 Cal.App.4th at p. 1541.) This statutory scheme reflects a legislative determination that the juvenile court has "both the ' "sensitivity and expertise" to make decisions about access to juvenile records.' " (*People v. Superior Court* (2003) 107 Cal.App.4th 488, 491.)

To support a section 827 petition, the petitioner is required to make a good cause showing warranting the in camera review. (Rule 5.552(c)(2).)[10] The court is then required to engage in a careful balancing of the competing interests when making its disclosure decision. The court's duty "is to 'balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests

_____

[9]    Section 827, subdivision (a)(1)(P) authorizes inspection of the juvenile file by "Any other person who may be designated by court order of the judge of the juvenile court upon filing a petition."

[10]    Rule 5.552(c) sets forth the following requirements for a section 827 petition: "(1) The specific records sought must be identified based on knowledge, information, and belief that such records exist and are relevant to the purpose for which they are being sought. [¶] (2) Petitioner must describe in detail the reasons the records are being sought and their relevancy to the proceeding or purpose for which petitioner wishes to inspect or obtain the records." The Rules also state the court should summarily deny the petition if the petitioner "does not show good cause," and the court should conduct an in camera review if the court determines "there may be information or documents in the records sought to which the petitioner may be entitled . . . ." (Rule 5.552(e)(2), (3).)

of the public'. . . . To do so, the court 'must take into account any restrictions on disclosure found in other statutes, the general principles in favor of confidentiality and the nature of any privileges asserted, and compare these factors to the justification offered by the applicant' in order to determine what information, if any, should be released to the petitioner." (*People v. Superior Court, supra*, 107 Cal.App.4th at p. 492; Rule 5.552(e)(5).)

## II. *Analysis*

Considering the *Brady* constitutional principles in conjunction with the statutory confidentiality scheme applicable to juvenile files, we conclude in camera review under section 827 is a proper mechanism to resolve a defense *Brady* disclosure request involving information in a juvenile file. This conclusion is supported by both policy and practical considerations.

Given the highly sensitive material that may be contained in juvenile records, the Legislature has imposed an exclusive obligation on the juvenile court to shield access to these files unless the court determines the interests supporting disclosure outweigh the interests in maintaining confidentiality. Indeed, a section 827 petition for in camera inspection of juvenile files has long been recognized as an appropriate vehicle to protect both the defendant's right to a fair trial and the state's interest in confidentiality of the files. (See, e.g., *Foster v. Superior Court* (1980) 107 Cal.App.3d 218, 226-230; *People v. Martinez* (2009) 47 Cal.4th 399, 450-454.) As a policy matter, the Legislature's placement of trust in the juvenile court to serve as the doorkeeper to these confidential files supports that the court should conduct a *Brady* review upon request by a petitioner.

11

Reflective of the propriety of juvenile court review of juvenile files in the first instance, the San Diego County Juvenile Court's written policies specifically state that defense counsel should file a request for disclosure when seeking access to the juvenile files of a victim or witness. (San Diego Juvenile Court Policy for Inspection and Copying of Juvenile Case File Documents, *supra*, Sec. IV. A., p. 2, fn. 1.)

As a practical matter, use of a section 827 petition to secure *Brady* review can also serve to streamline the review process. A section 827 petition filed directly with the juvenile court bypasses the prosecutor as an intermediary and allows the court to make the disclosure decision in the first instance. This eliminates the need for the prosecution to request court permission for disclosure after its *Brady* review, and forestalls litigation brought by the defense over whether the prosecution has complied with its *Brady* obligations. Given that the Legislature has established the section 827 court petition process for access to juvenile files, it makes practical sense to allow use of this process to resolve *Brady* requests through a single procedure.

We conclude that upon a showing there is a reasonable basis to believe exculpatory or impeachment evidence exists in E.W.'s juvenile records, petitioner is entitled to have the juvenile court conduct an in camera review of the records. (*Ritchie, supra*, 480 U.S. at p. 58, fn. 15; Rule 5.552(c)(2).)

DISPOSITION

Let a writ of mandate issue directing the juvenile court to vacate its order denying petitioner's section 827 petition. The court is directed to consider petitioner's section 827 petition in a manner consistent with this opinion.

HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McDONALD, J.

13