Filed 3/27/14  Torres v. Superior Court CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LARRY TORRES,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>―――――――――――<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | D064672<br><br>(San Diego County Super. Ct. Nos. JCM203269 & JCM198208) |

Petition for a writ of mandate to challenge orders of the Superior Court of San Diego County, Cynthia Bashant and Richard R. Monroy, Judges.  Petition granted in part; denied in part.

Larry Torres, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, District Attorney, Jesus Rodriguez, Assistant District Attorney, and Laura E. Tanney, Deputy District Attorney, for Real Party in Interest.

In 2005, a jury convicted petitioner Larry Torres of the murder of Jimmy Martinez and the attempted murder of Filiberto Lamas. In 2013, for purposes of supporting a petition for writ of habeas corpus, Torres filed several pro. per. petitions under Welfare and Institutions Code[1] section 827 requesting disclosure of *Brady*[2] impeachment and exculpatory evidence in juvenile delinquency records for the two victims. Torres's first section 827 petition was considered by juvenile court judge Cynthia Bashant, who conducted an in camera review and disclosed some information. Torres's subsequent section 827 pleadings (including a reconsideration motion and requests for additional records) were considered by a different juvenile court judge (Richard Monroy). Judge Monroy denied the reconsideration motion and declined to consider conducting an in camera review of juvenile records, ruling that Torres was required to submit his disclosure requests to the district attorney's office, not the court.

Recently, in *J.E. v. Superior Court* (2014) 223 Cal.App.4th 1329 (*J.E.*), this court concluded a section 827 petition is a proper avenue for a defendant to obtain review of confidential juvenile records for *Brady* material. Accordingly, we grant Torres's petition for writ of mandate to the extent he seeks a remand to the juvenile court to consider his pleadings on the merits. However, because Torres's pleadings have not yet been fully

---

[1]    Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]    *Brady v. Maryland* (1963) 373 U.S. 83.

ruled upon by the juvenile court on the merits, we deny the petition to the extent Torres asks us to order the transmittal of juvenile records for purposes of our review.

BACKGROUND

Petitioner Torres's convictions arose from an incident in 2004 when petitioner and codefendant Ramon Contreras shot at the two victims, killing Martinez and wounding Lamas. The defendants and the victims were associated with rival gangs, and petitioner raised a claim of self-defense. Lamas testified against petitioner. The jury found petitioner guilty of second degree murder of Martinez and premeditated attempted murder of Lamas, and found true several enhancement allegations. Petitioner was sentenced to 70 years to life plus a three-year determinate term. (*People v. Contreras* (Dec. 15, 2006, D047266) [nonpub. opn.].)

In March 2013, petitioner filed a section 827 petition requesting that the juvenile court review Lamas's juvenile delinquency records for disclosure of *Brady* material. Judge Bashant conducted an in camera review, and on April 12, 2013, issued an order disclosing several items to petitioner (including a delinquency petition and minute orders), and declining to disclose other requested materials. Thereafter, petitioner filed (1) a motion for reconsideration of the section 827 ruling concerning Lamas's records; (2) another section 827 request for disclosure relevant to Lamas's juvenile records; and (3) a section 827 request for disclosure of Martinez's juvenile delinquency records.[3] On June 5, 2013, Judge Monroy denied the reconsideration motion, and on July 15, 2013, he

---

[3]    The record on appeal does not include the actual section 827 petitions or the full reconsideration motion. We glean this information from other documents in the record.

3

declined to consider conducting an in camera review of the juvenile records. Judge Monroy stated that discovery in criminal cases was governed by the Penal Code statutory provisions (Pen. Code, § 1054 et seq.) which provide for disclosure by the prosecution, and ruled that section 827 was "not the appropriate method to discover information in a criminal case."

Petitioner filed a pro. per. petition for writ of mandate with our court challenging the juvenile court's orders. We issued an order to show cause, and received a supplemental mandate petition from appointed counsel and a response from the People. As in *J.E.*, the People agree that Judge Monroy erred in declining to consider petitioner's requests on the merits and instead requiring that the requests be submitted to the district attorney. We also agree, and remand the case to the juvenile court for further proceedings under section 827.

Petitioner also requests that we order transmittal of Lamas's juvenile records to our court so that we can review them, and that we issue the same order for Martinez's records after examination by the lower court. Given the current posture of the case, we decline this request.

                                                    DISCUSSION

Recently, in *J.E., supra*, 223 Cal.App.4th 1329, we evaluated whether a juvenile court can properly decline to consider a defendant's section 827 petition for in camera review of juvenile records, and to instead require the defendant to submit the request to the prosecutor based on the prosecution's statutory and constitutional disclosure obligations. There, in the context of a preconviction disclosure request, we concluded

4

that "when a petitioner files a section 827 petition requesting that the court review a confidential juvenile file and provides a reasonable basis to support its claim that the file contains *Brady* exculpatory or impeachment material, the juvenile court is required to conduct an in camera review." (*J.E., supra*, at p. 1333.)

This holding extends equally to this case. Although the matter before us concerns a postconviction discovery request rather than the pretrial discovery request involved in *J.E.*, the same general principles apply.

As noted in *J.E.*, disclosure obligations in criminal proceedings are governed by both state statutory procedures (Pen. Code, § 1054, et. seq.) and federal constitutional principles. (*J.E., supra*, 223 Cal.App.4th at p. 1334.)[4] The constitutional disclosure obligations, which are delineated in *Brady* and its progeny, exist independently of the statutory procedures. (*Id.* at p. 1334.) "To comply with *Brady* constitutional due process requirements, the prosecution must disclose exculpatory and impeachment evidence that is favorable to the accused and material on the issue of guilt or punishment. . . . Disclosure may be required even when the evidence is subject to a state privacy privilege, as is the case with confidential juvenile records. [Citations.]" (*J.E., supra*, 223 Cal.App.4th at pp. 1334-1335.)

---

4       The statutory procedures govern discovery during the trial proceedings (Pen. Code, § 1054 et seq.) and after conviction *if* the defendant was sentenced to death or life without the possibility of parole (Pen. Code, § 1054.9). Here, these Penal Code discovery statutes are inapplicable given the postconviction status of the case and the fact that petitioner was not sentenced to death or life without parole.

Under *Brady*, the prosecution has the duty to inspect for exculpatory and impeachment evidence in materials possessed by members of the prosecution team who are connected to the investigation or prosecution of the charges against the defendant. (*J.E., supra*, 223 Cal.App.4th at p. 1335.)  Further, in limited circumstances the prosecution may be required to disclose information contained in materials that are not directly connected to the case, including, for example, when the defense makes a reasonably supported request for the inspection of records that might contain critical exculpatory or impeachment evidence and that are reasonably accessible to the prosecution but not to the defense.  (*Id.* at pp. 1335-1336 & fn. 6.)  After conviction, a defendant may seek relief based on the nondisclosure of *Brady* material during the trial proceedings (*Eulloqui v. Superior Court* (2010) 181 Cal.App.4th 1055, 1060, 1068), and the prosecutor has an ongoing ethical duty of disclosure if information emerges that undermines the validity of the conviction (*In re Lawley* (2008) 42 Cal.4th 1231, 1246; *People v. Garcia* (1993) 17 Cal.App.4th 1169, 1179).

As observed in *J.E.*, "[a]lthough the government's *Brady* obligations are typically placed upon the *prosecutor*, the courts have recognized that the *Brady* requirements can also be satisfied when a *trial court* conducts an in camera review of documents containing possible exculpatory or impeachment evidence."  (*J.E., supra*, 223 Cal.App.4th at p 1336.)  An in camera inspection by the trial court is particularly appropriate when the materials to be reviewed are afforded special privacy protection. (*Ibid*.)

Relevant here, and as explained in *J.E.*, there is a strong public policy of confidentiality of juvenile records, and the section 827 provisions are specifically designed to protect this confidentiality. (*J.E., supra*, 223 Cal.App.4th at pp. 1337-1338.) The statute defines who is authorized to have access to juvenile records, and precludes unauthorized persons from reviewing the records without a court order. (§ 827, subd. (a)(1)(A)-(P).) Defense counsel is not authorized to access a nonclient's juvenile records absent a court order. (§ 827, subd. (a)(1)(E), (P).) Although the prosecutor is authorized to access juvenile records (§ 827, subd. (a)(1)(B)), the prosecutor may *not* disclose information to an unauthorized person without a court order. (§ 827, subd. (a)(4), (5); *J.E., supra*, 223 Cal.App.4th at p. 1337.) When an unauthorized person requests access to the juvenile files, the juvenile court is recognized as the " 'exclusive authority to determine whether and to what extent to grant access . . . .' " (*J.E., supra*, at p. 1337.) The applicable California Rules of Court set forth detailed guidelines governing the court's in camera inspection process, including a requirement that the petitioner make a good cause showing warranting in camera review, and a directive that the court carefully balance the competing interests of the juvenile, other parties to the juvenile proceedings, the petitioner, and the public when making its disclosure decisions. (Cal. Rules of Court, rule 5.552(c), (e)(1)-(5); *J.E., supra*, 223 Cal.App.4th at pp. 1337-1338.)

The courts have underscored that section 827 reflects a legislative determination that the juvenile court has both the sensitivity and expertise to make decisions about access to confidential juvenile records, and the courts have long recognized that in camera inspection under section 827 is an appropriate vehicle to protect both the

7

defendant's fair trial rights and the state's confidentiality interests. (*J.E., supra*, 223 Cal.App.4th at pp. 1337-1338.) After considering the *Brady* constitutional principles in conjunction with the statutory confidentiality scheme, we concluded in *J.E.* that a section 827 petition is a proper mechanism to resolve a *Brady* request by the defense for information in a juvenile file. (*J.E., supra*, at pp. 1338-1339.) We reach the same conclusion here. Upon a showing of a reasonable basis to believe exculpatory or impeachment evidence exists in the juvenile records, petitioner is entitled to have the juvenile court conduct an in camera review of the records. (*Id*. at p. 1339; Cal. Rules of Court, rule 5.552(c), (e)(1)-(2).) Accordingly, we remand the matter to the juvenile court to evaluate petitioner's pleadings on the merits.

However, at this juncture we deny petitioner's request that we order transmittal of the juvenile records that were previously reviewed by Judge Bashant and that may be reviewed by the juvenile court on remand. The record before us is sparse; it does not include the actual section 827 disclosure petitions nor the full reconsideration motion. Also, because Judge Monroy denied petitioner's requests on procedural grounds, it is unclear if his ruling on the reconsideration motion was made on the merits. Further, the juvenile court has not considered on the merits the second section 827 petition filed with respect to Lamas's records, nor the section 827 petition filed with respect to Martinez's records; thus, for these records any request for review by our court is premature. Under

these circumstances, we remand the matter for further proceedings before the juvenile court to consider petitioner's pleadings on the merits.[5]

DISPOSITION

The petition is granted in part and denied in part. Let a writ of mandate issue directing the juvenile court to vacate Judge Monroy's June 5 and July 15, 2013 orders denying petitioner's requests without ruling on the merits. The court is directed to consider petitioner's pleadings in a manner consistent with this opinion. The petition is denied as to the request to transmit documents to this court for our review.

HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McDONALD, J.

---

5    If petitioner makes the required good cause showing to trigger the juvenile court's in camera review, the court should identify the records it inspects. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1229.)