Filed 4/13/22

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

## APPELLATE DIVISION

THE PEOPLE,

        Plaintiff and Appellant,

    v.

MATTHEW STERLING HOUSER,

        Defendant and Respondent.

Appellate Division No.: 211A900016C
Trial Court Case No.:   19T049326C
Trial Court Location:   Central Division

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

APPEAL by the People from the dismissal order entered by the Superior Court, San Diego County, Peter L. Fagan, Commissioner.

AFFIRMED.

**Procedural and factual background**

California criminal discovery statutes provide a framework for prosecutors and defendants to exchange evidence to prepare for trial. Failure to follow these laws brings with it sanctions, up to and including dismissal.

As discussed below, for infraction matters that originate in the City of San Diego, the Office of the City Attorney (the City Attorney) subpoenas witnesses and handles appeals, but it does not attend trial to present evidence. In late 2017, the City Attorney chose to address resource allocation pressures by relinquishing its discovery duties. Under the new system, the City Attorney assigned

local law enforcement agencies issuing infractions all discovery obligations for those cases.[1] Consequently, the City Attorney maintains that in this matter the San Diego Police Department (SDPD) is responsible for handling all discovery requests in cases originating from its citations.[2]

Here, the City Attorney failed to carry out its discovery duties as required by *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*). This failure warrants dismissal of this action and, therefore, we affirm the trial court's ruling.

We begin with a detailed procedural case history.

On January 31, 2019, San Diego Police Officer Greenan cited Mr. Houser with overnight camping in Balboa Park, violating San Diego Municipal Code section 63.0102, subdivision (b)(12), an infraction.[3] On March 18, 2019, defendant's attorney, Ms. Colleen Cusak, submitted a fax arraignment form, and the court scheduled an initial trial date for August 8, 2019. At defense counsel's request the court continued the trial to November 14, 2019.

On September 16, 2019, defense counsel served an informal discovery request on the City Attorney specifically requesting, among other things, any evidence obtained during the defendant's law enforcement contact (e.g., body worn camera footage), any exculpatory evidence pursuant to *Brady*, and any complaints against Officer Greenan. Rather than follow standard statutory discovery procedures pursuant to Penal Code section 1054 et seq., the City Attorney responded with a letter dated September 23, 2019 acknowledging receipt of the discovery request but stating:

> The San Diego City Attorney's Office does not appear on nor participate in any infraction cases tried in Kearny Mesa Traffic Court. This citation was directly filed with Kearny Mesa Traffic Court, and we are not in receipt of any discovery on this matter.
> Any discovery that you are seeking must be obtained from the law enforcement agency that issued the citation. On the reverse of this letter is a list of the contact information for the law enforcement agencies[4] that regularly submit cases to Kearny Mesa Traffic Court.

---

[1] The City Attorney sends out a form letter in response to any discovery requests redirecting litigants to make inquiry at the agency issuing the infraction. The City Attorney also arranges for viewing body-worn camera footage if requested.

[2] Because we find a *Brady* violation occurred here, we do not reach the issue of whether the City Attorney can delegate its section 1054 responsibilities to either an outside agency or to non-attorneys.

[3] San Diego Municipal Code section 63.0102, subdivision (b)(12) states, "[i]t is unlawful to camp, lodge, sleep, or tarry overnight; provided, however, that nothing in Section 63.0102(b)(12) prohibits any person from being or remaining in any park while in attendance at any function for which the City Manager has previously granted permission."

[4] Thirteen agencies and a total of fifteen addresses and phone numbers are listed on the attachment.

On October 10, 2019, defense counsel issued an Order to Attend Court or Provide Documents (Subpoena/Subpoena Duces Tecum) directed to the "San Diego Police Department, Custodian of Records." The subpoena sought production of the discovery or attendance at a November 4, 2019 court hearing with production at that hearing of the informal discovery requested, including but not limited to the body worn camera footage. On November 4, 2019, Officer Greenan appeared and provided an envelope containing a 3-page dispatch log, a copy of the citation, and a document providing instructions to request body camera footage. The officer did not provide the body worn camera footage or other discovery requested (e.g., witness list, etc.) The trial court denied defendant's request to dismiss the case but granted his "Motion to Release Documents Produced Pursuant to Subpoena Duces Tecum." As part of the order, the court specifically directed the City Attorney to produce the body worn camera footage. The court also scheduled an Order to Show Cause (OSC) hearing for December 10, 2019 as to "why the City Attorney should not be cited for contempt and sanctioned for discovery violations." The trial court Minute Order states: "Court orders San Diego Police Dept. and San Diego City Attorney's Office to give Ms. Cusack officer's body-worn camera footage of incident on CD no later than Nov. 21, 2019. …. Deft. to serve order on parties by Nov. 14, 2019. Additionally, defense to file and serve City Attorney's Office with notice of OSC hearing by Nov. 12, 2019. Officer Greenan is ordered to return for OSC hrg. Officer to be re-subpoenaed for OSC hrg."

On November 8, 2019, the trial court issued a formal "Order of the Court," addressed to "the Office of the City Attorney, Mara Elliott, and to the San Diego Police Department, Chief David Nisleit, stating: "Good cause appearing therefore, you are each hereby ordered to provide the counsel for defendant Matthew Sterling Houser a copy of the video captured by the body worn camera worn by Officer Greenan and related to the instant prosecution. This video is to be formatted and accessible on CD and delivered to Coleen Cusack, at 110 W. C Street, Suite 1201, San Diego, CA 92101 sufficiently in advance to ensure receipt by counsel no later than November 21, 2019."

On November 21, 2019, defense counsel appeared in court requesting to continue the OSC hearing. The court continued both the OSC and trial to December 30, 2019. The trial court also

ordered defense counsel to "submit a Motion to Compel and/or Motion to Enforce Compliance with Subpoena on or by December 2, 2019 and to serve the Office of the City Attorney."

On December 19, 2019, defendant's attorney filed several motions: a "Motion to Compel Discovery and for Monetary Sanctions" directed to the City Attorney and the City's Criminal Division Chief John Hemmerling; a "Motion to Hold Defaulting Witness in Contempt [Penal Code §1331, Code of Civil Procedure § 1211]," [5] and a motion to continue the trial date. The trial court scheduled the motion hearing for February 4, 2020 and the court trial for February 19, 2020.[6]

On January 28, 2020, the City Attorney filed "Points and Authorities in Opposition to Defendant's Motion to Compel Discovery and for Monetary Sanctions." The City Attorney argued that discovery requests should be directed to the ticketing agency and that "the San Diego City Attorney's Office is not the proper recipient for any discovery request or order" as "there is no prosecuting attorney for purposes of discovery under Penal Code section 1054." The City Attorney alleged that the nature and volume of infraction cases "necessitates their exemption from the requirements of Penal Code section 1054." The City Attorney provided no legal authority allowing it to stop performing one of its critical prosecutorial functions.

On February 4, 2020, then Commissioner Nadia J. Keilani heard the motions. Commissioner Keilani took the contempt matters off calendar for failure to provide supporting affidavits filed under penalty of perjury.[7] She proceeded to hear the motions to compel discovery and for monetary sanctions.

At the hearing, Deputy City Attorney Jonathan Lapin stated he was not appearing as the prosecuting attorney. Testifying as a witness, however, Mr. Lapin explained the City Attorney no longer facilitates nor answers infraction defendants' discovery requests. Further, the City Attorney does not act as a prosecutor for infraction trials. However, the City Attorney maintains its involvement in the preparation of the infraction case on behalf of the People by "issu[ing] subpoenas for trials, handl[ing] appeals, and appear[ing] when directed by the Court to appear." Mr. Lapin reiterated discovery is the responsibility of the agency issuing the infraction.

---

[5] The motion for contempt was directed to SDPD's Custodian of Records.

[6] The trial court's December 19, 2019 Minute Order does not reflect any appearance by the SDPD or City Attorney.

[7] The trial court noted that defense counsel could correct the affidavits and re-file the contempt motion.

In response to Mr. Lapin, defense counsel explained that her attempts to serve a discovery request to law enforcement, as instructed by the City Attorney, are routinely rebuffed and that motions are required to obtain all discovery. Mr. Lapin told the court that a defense attorney should "come back to court and advise the court" when the law enforcement agency refuses to accept service of a discovery request. [8]

The trial court stated, "There's a whole lot of energy being expended in having to remedy the City Attorney not accepting service on behalf of SDPD. And so, what you are representing to this Court today is that if [Ms. Cusack] follows that instruction that you are saying should be followed, and she is still unable to serve that informal discovery request, that then judicial resources should be expended in the form of a court hearing, and perhaps multiple court hearings, *simply in order to get that* [informal] *request delivered*." (Italics added). Further, although the City Attorney is involved in facilitating a "viewing" of body-worn camera footage, Mr. Lapin testified that the City Attorney's policy requires that a motion be filed and heard before a copy of the footage is released to a defendant -- "for that evidence, the police department liaison within the San Diego City Attorney's office would make an appointment for defendants in order to view body-worn camera evidence. If directed by the Court to provide an actual copy, they would do so if there is a court order. [¶] . . . Absent a court order, they would only allow the viewing of the body-worn camera evidence."

At the conclusion of the February 4, 2020 hearing, Commissioner Keilani issued an Order compelling the SDPD to provide seven specific items of discovery and denied the request for monetary sanctions without prejudice so that it could be renewed if the discovery was not provided. In addition to placing the order on the record in open court, the following formal Order was issued by the trial court on February 5, 2020:

> GOOD CAUSE HAVING BEEN SHOWN THEREFORE, the
> SAN DIEGO POLICE DEPARTMENT is hereby ordered to
> disclose to the defense immediately and forthwith and in no event
> later than fifteen (15) calendar days from the date of this order the

---

[8] We observe that as used this system appears to thwart the policy behind 1054 which is to "…to *save* court time by *requiring* that discovery be conducted informally between and among the parties before judicial enforcement is requested [and]… [t]o *save* court time in trial and *avoid* the necessity for frequent interruptions and *postponements*." (Italics added.) (Section 1054, subsections (b) and (c).)

following items in discovery whose disclosure is required by the U.S. Constitution or by Penal Code §1054.1:

1. Names of the additional three officers at the scene of the citation arrest as seen in Officer Greenan (ID #7798) body worn camera footage of the incident.
2. Body worn camera video of the officers named in item 1, above, if any.
3. Complaints generating or related to the enforcement activity at the incident including but not limited to those entered on the Get It Done App. Date and time and the nature of the complaint is to be included. Complainant's name and identifying information is to be redacted.
4. Any surveillance video of the violation in San Diego Police Department custody or control including "Smart" streetlights.
5. Any evidence collected or submitted for facial recognition under TACIDS of the named defendant.
6. Contact information maintained in a homeless database or otherwise by the San Diego Police Department of or about the named defendant.
7. Officer Copy of the citation and its reverse together with any and all notes of Officer Greenan, ID #7798 regarding this incident.

It is further ordered that if the item does not exist and never did exist, or if existed at one time but has subsequently been destroyed and no longer exists, the date and circumstances of its destruction or the fact of its non-existence is to be attested to in a declaration to accompany the production.

Neither the City Attorney nor the SDPD fully complied with the Order compelling discovery. [9] Rather, an unsigned letter dated February 19, 2021 from "Lawrence Cahill, Sergeant SDPD Court Liaison Unit"[10] was sent to defense counsel merely stating:

I received your Discovery request.
Item 1 and Item 2
Officer M. Wasco #7111 was present and no Body Worn Camera video.

---

[9] The trial court's February 4 and February 5, 2020 orders compelling the production of discovery were specifically directed to the SDPD based on Mr. Lapin's testimony on February 4, 2020 that the City Attorney would not participate in discovery. Any perceived error on the part of the trial court in directing the underlying order to the SDPD as opposed to the City Attorney would be considered invited error.

[10] The return address for Sergeant Cahill was listed as 1200 Third Avenue, 7th floor, which defense counsel asserts is the physical address of the Office of the City Attorney.

Officer A. Coston #7420 and Officer A. Buell #7787 walked up and left. No Body Worn Camera video from either Officer.

*All other information requested would need to be provided by the City Attorney office.*

If you have any question [*sic*] please feel free to contact me at (619) 236-5571

(Italics added.)

Defense counsel then filed three more motions -- a motion to dismiss for lack of prosecution; another motion to compel discovery; and a motion for sanctions. Commissioner Fagan heard these three motions over a period of two days on July 20 and July 21, 2021. The defense called as a witness former Assistant City Attorney Marlea Dell'Anno. Ms. Dell'Anno testified that prior to her termination from the City Attorney's Office in 2015 (she was replaced by John Hemmerling), the City Attorney, as required by the City Charter, prosecuted all infractions including those filed in the Kearny Mesa court facility.

On August 4, 2021, after taking the matter under submission, the trial court issued the following dismissal order:

> This motion came on calendar on July 21, 2021 for hearing. COLEEN M. CUSACK appeared on behalf of Defendant, MATTHEW STERLING HOUSER, who was not present. The PEOPLE OF THE STATE OF CALIFORNIA, having received proper notice, did not appear.
>
> Evidence was received and argument heard. After considering all proper evidence and argument, the Court finds that the People failed to comply with this Court's order to provide certain items of discovery, dated February 5, 2020. That part of the motion to further compel discovery and for monetary sanctions is **DENIED.** Other sanctions, however, are appropriate for the PEOPLE'S failure to comply with this Court's previous ORDER. That appropriate sanction is dismissal of the case. Accordingly, this **CASE IS DISMISSED**.

(Emphasis in original.)

-7-

The City Attorney filed notice of appeal challenging this August 4, 2021 dismissal Order.[11] Argument was scheduled for February 22, 2022. The Appellate Division permitted the filing of an amicus brief by Attorney Anne M. Rios and granted appellant's counsel's request to extend oral argument. During argument, defense counsel filed a written request for judicial notice of various statistical reports. We deny the request for judicial notice as the statistical reports were not considered by the trial court and are otherwise not subject to judicial notice. (Evid. Code, § 459.)

Following argument, this matter was taken under submission.

**Discussion**

Penal Code section 1054.5, subdivision (c) provides in part: "The court shall not dismiss a charge … unless required to do so by the Constitution of the United States." Following independent review,[12] we conclude that the trial court's order dismissing the action was appropriate.

Penal Code section 19.7 states that "[e]xcept as otherwise provided by law, all provisions of law relating to misdemeanors *shall* apply to infractions. . . ." (Italics added). Thus, the provisions of Penal Code section 1054 et seq., govern discovery in this case. The City Attorney does not provide us with any support limiting Penal Code section 19.7's reach to section 1054. Nor does the City Attorney point to any other legislative or judicial authority exempting infractions from the discovery statutes. Therefore, we must reject the City Attorney's argument that because infractions are less serious or more numerous, they allow departure from established law.

Penal Code Section 1054.5 provides that in criminal cases, sections 1054 et seq. are the sole means by which a defendant may compel disclosure from the prosecuting attorney or the investigating law enforcement agencies. Procedurally, the first step is "an informal request of opposing counsel." (Pen. Code, § 1054.5, subd. (b).) As explained above, the defense attorney made her informal request to opposing counsel on September 16, 2019. The next step under the

---

[11] The trial court also issued another order on August 4, 2019 denying defendant's motion to dismiss for lack of prosecution. That motion is outside the scope of this appeal.

[12] "Although abuse of discretion is generally the proper standard of appellate review on matters regarding discovery in criminal cases [citation], . . ." the appellate court independently reviews a dismissal "required by the federal Constitution" pursuant to Penal Code section 1054.5, subdivision (c). (*People v. Ashraf* (2007) 151 Cal.App.4th 1205, 1212.)

section is to seek a court order.[13] Mr. Houser's defense counsel obtained court orders on October 10, 2019, November 4, 2019, November 8, 2019 (reiterating the November 4 order),[14] February 4, 2020, and February 5, 2020. After expending numerous attorney hours and court time, neither the City Attorney nor SDPD fully complied with the court's orders. At this point, the trial court certainly had discretion to make "any order necessary" to remedy that failure. (Pen. Code, § 1054.5, subd. (b).)

However, section 1054 does not authorize a court to dismiss a case for violating discovery orders. Rather, section 1054.5, subdivision (c) provides that "[t]he court shall not dismiss a charge pursuant to [section 1054] subdivision (b) unless required to do so by the Constitution of the United States." The only constitutionally mandated discovery is pursuant to *Brady*. (*See People v. Superior Court (Barrett)* (2000) 80 Cal.App.4th 1305, 1314 ["*Brady* exculpatory evidence is the only substantive discovery mandated by the United States Constitution."].)

We now turn to consider whether a *Brady* violation occurred in this case.

*Brady* places on a prosecutor an affirmative, constitutional obligation to seek, review and turn over exculpatory evidence (including merely impeaching material), even without a defense request. (*Kyles v. Whitley* (1995) 514 U.S. 419, 437 (*Kyles*) ["The individual prosecutor has *a duty to learn* of any favorable evidence known to the others acting on the government's behalf in the case, including the police." (Italics added)]; *Aguilar v. Woodford* (9th Cir. 2013) 725 F.3d 970, 982-983 [*Brady* suppression occurs when the government fails to turn over evidence known to the investigator but not the prosecutor]; see also *People v. Kasim* (1997) 56 Cal.App.4th 1360, 1380 ["The scope of the prosecutorial duty to disclose encompasses not just exculpatory evidence in the prosecutor's possession but such evidence possessed by investigative agencies to which the prosecutor has reasonable access. [Citation.]"].)

---

[13] Pursuant to Penal Code section 1054.5, subdivision (b): "Before a party may seek court enforcement of any of the disclosures required by this chapter, the party shall make an informal request of opposing counsel for the desired materials and information…[A] court may make any order necessary to enforce the provisions of this chapter, including but not limited to, immediate disclosure, contempt proceedings, delaying or prohibiting the testimony of a witness or the presentation of real evidence, continuance of the matter, or any other lawful order."

[14] The court's November 21, 2019, order directed defense counsel to file additional motions if she sought further specific relief. We do not count that order here.

For *Brady* purposes, the City Attorney is the prosecutor, a duty that it cannot delegate.[15]  In *Kyles v. Whitley*, *supra*, 514 U.S. at p. 438, the United States Supreme Court succinctly assessed the significant consequences of a position similar to the one taken by the City Attorney here:  "Since, then, the prosecutor has the means to discharge the government's *Brady* responsibility if he will, any argument for excusing a prosecutor from disclosing what he does not happen to know about boils down to a plea to substitute the police for the prosecutor, and even for the courts themselves, as the final arbiters of the government's obligation to ensure fair trials."[16]

By its own admission, the City Attorney did not fulfill any obligation to learn of *Brady* discovery relevant to this matter under *Kyles*, *Aguilar*, or *Kasim*.  From its letter to defense counsel on September 23, 2019, in which it stated that the City Attorney "does not . . . participate in any infraction cases . . . .", to its brief alleging that "there is no prosecuting attorney for purposes of discovery under Penal Code section 1054", to the testimony of Deputy City Attorney Jonathan Lapin that the City Attorney no longer facilitates nor answers infraction defendants' discovery requests, it is clear that the City Attorney did nothing to discharge its *Brady* obligations in this case.  Further, we conclude that if the City Attorney had executed its *Brady* responsibility in this case and had found nothing, the record would reflect that. (See Cal. Evid. Code §413 ["[T]he trier of fact may consider, among other things, the failure to explain or to deny by his testimony such evidence or facts in the case against him, or his willful suppression of evidence relating thereto, if such be the case"].)

We find substantial evidence supports an inference that the City Attorney made no efforts to learn and disclose *Brady*-required materials.  Accordingly, Mr. Houser's federal Constitutional rights under *Brady* were violated in this case. (*Brady*, *supra*, 373 U.S. at p. 87 [violation of *Brady*

---

[15] See Gov. Code, § 36900, subd. (a) ["The violation of a city ordinance may be prosecuted by city authorities in the name of the people of the State of California…."]; San Diego City Charter, sec. 40 ["It shall be the City Attorney's *duty*…to prosecute for all offenses against the ordinances of the City and for such offenses against the laws of the State as may be required of the City Attorney by law…." (Italics added.)]; cf. *People v. Carlucci* (1979) 23 Cal.3d 249 [a prosecuting attorney not required to participate in infraction trials] and *People v. Cotsirilos* (2020) 50 Cal.App.5th 1023 [a prosecuting attorney is not required to participate in infraction suppression motions].

[16] We note that in addition to the prosecutor's "duty to learn" of possible *Brady* issues, a prosecutor also has a duty of inquiry under section 1054.  In *People v. Little* (1997) 59 Cal.App.4th 426, 432, the court noted:
 "Section 1054.1 concisely lists six specific items that the prosecution must disclose to the defendant or his or her attorney, and, consistent with the stated purposes of discovery provisions of Proposition 115, the prosecution has a duty to inquire in order to satisfy these requirements."

requirements is a due process violation].)  The trial court appropriately dismissed this action as a sanction under Penal Code section 1054.5, subdivision (c).[17]

For the foregoing reasons, the judgment of the trial court is affirmed.


Unanimously affirmed.

JULIA C. KELETY
Presiding Judge, Appellate Division

AARON H. KATZ
Judge, Appellate Division

DAVID M. RUBIN
Judge, Appellate Division

---

[17] We note that on the facts of this case, Commissioner Fagan could also have concluded that all other sanctions were unavailing and, therefore, ordered that prosecution witnesses were barred from testifying at trial pursuant to Penal Code section 1054.5, subdivision (c). In that instance, the result would have been an acquittal for failure of proof. In either situation Mr. Houser would not be convicted.

Counsel for Appellant, The People:

STEVEN HANSEN, DEPUTY CITY ATTORNEY
APPELLATE DIVISION
1200 THIRD AVE, SUITE 700
SAN DIEGO, CA 92101


Counsel for Respondent, Matthew Sterling Houser:

COLEEN M. CUSACK
LAW OFFICE OF COLEEN M. CUSACK
110 W. C STREET, SUITE 1201
SAN DIEGO, CA 92101